654 So.2d 1295 (1995)
Jeffrey SHELTON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2205.
District Court of Appeal of Florida, Fourth District.
May 31, 1995.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
KLEIN, Judge.
Appellant appeals his conviction for sale of cocaine, arguing that the court erred in admitting *1296 an officer's testimony that it is not unusual to not find marked money on a drug seller after a sale. He also argues that the court erred in overruling his objection to the prosecutor's statement in closing argument that there was no evidence showing that the defendant did not make the drug sale. We reverse.
An officer doing undercover work testified that the appellant solicited him to purchase cocaine rock, whereupon the officer gave the appellant a $20 bill, from which he had recorded the serial number, and in return received the rock. The officer then radioed nearby police officers who, after appellant walked away from the officer making the sale, picked the appellant up within a minute of the sale. The officer who obtained the rock then drove to where the appellant was picked up and identified him as the seller. Neither the $20 bill nor any drugs were found on the appellant. The state put on no other evidence other than expert testimony that the substance sold to the officer was cocaine. The defendant put on no evidence.
During cross-examination of the officer who purchased the rock, defense counsel brought out that the defendant did not have the $20 bill in his possession when he was arrested. On redirect, the following occurred:
[STATE]: When this  when you mark money for identification, based on your experience as an undercover detective, do you always recover the money?
[DEFENSE]: Objection, relevance.
THE COURT: Overruled.
[OFFICER VASH]: No. We don't always recover the money.
[STATE]: So it's not unusual that the money wouldn't be 
[DEFENSE]: Objection. Leading.
THE COURT: As phrased.
[STATE]: Would it be considered abnormal or out of the ordinary that the money was not 
[DEFENSE]: Objection, relevance.
[STATE]:  received?
THE COURT: Overruled.
[OFFICER VASH]: No, it would not be abnormal.
[STATE]: Do you always recover drugs on these undercover arrests?
[DEFENSE]: Objection. Deals with other cases, deals with the motion in limine, we move for mistrial.
THE COURT: Overruled.
[OFFICER VASH]: No, rarely.
This testimony was inadmissible and highly prejudicial. In Lowder v. State, 589 So.2d 933, 935 (Fla. 3d DCA 1991), the court stated:
[E]very defendant has the right to be tried based on the evidence against him, not on the characteristics or conduct of certain classes of criminals in general. Florida courts have frequently criticized the use of testimony from police officers regarding their experience with other criminals as substantive proof of a particular defendant's guilt or innocence * * * [I]t was also error to allow a police officer to testify as an expert as to a relationship between possessing $1,290 in cash and dealing in narcotics.
See also Hargrove v. State, 431 So.2d 732 (Fla. 4th DCA 1983) (court condemned, as irrelevant, testimony of a police officer that based on his experience, the post-arrest statement that "I don't mess with the stuff" is a phrase uttered frequently by drug dealers to throw suspicion off themselves), and Osario v. State, 526 So.2d 157 (Fla. 4th DCA 1988) (officer's testimony concerning his experience with common drug-courier practices was irrelevant and prejudicial).
An additional error occurred in closing argument:
[STATE]: Defense counsel will bring up different things about statements that were made at different times. But is there anything showing that he didn't make that sale? He was there.
[DEFENSE]: I object to that, that shifts the burden of proof, the burden is on the prosecution.
THE COURT: Overruled.
[STATE]: He was there on the street, he was arrested.
*1297 This comment was improper not only for the reason suggested by the defendant  that it could have misled the jury on the burden of proof, Jackson v. State, 575 So.2d 181 (Fla. 1991)  but also because it could have been interpreted by the jury as a comment on the defendant's failure to testify. In State v. Marshall, 476 So.2d 150, 151 (Fla. 1985), the following similar comment was held to be reversible error:
Ladies and gentlemen, the only person you heard from in this courtroom with regard to the events on November 9, 1981, was Brenda Scavone [a witness for the prosecution].
See also Sgroi v. State, 634 So.2d 280 (Fla. 4th DCA 1994).
We therefore reverse and remand for a new trial.
DELL, C.J., and SHAHOOD, J., concur.