673 So.2d 156 (1996)
Carrington THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1713.
District Court of Appeal of Florida, Fourth District.
May 15, 1996.
*157 Glenn H. Mitchell, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Aubin Wade Robinson, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, Judge.
Appellant, Carrington Thomas, appeals from a judgment of conviction and sentence on a charge of sale of cocaine, in violation of section 893.13(1)(a), Florida Statutes (1991). He contends that the trial court erred in denying defense counsel's motion to withdraw and in failing to make a Nelson[1] inquiry and that the trial court erred by allowing the state to introduce evidence regarding the procedures utilized in sale transactions by drug dealers to prevent robberies. We affirm appellant's first issue raised, finding it to be without merit. However, we agree with the second issue raised on appeal and reverse appellant's conviction, and remand for a new trial.
As developed at trial, the facts of this case are as follows. On the day in question, undercover police officers, while still in their vehicle, were approached by an unknown black female who asked the officers what they needed. One of the officers, Detective Barnes of the Palm Beach County Sheriff's Narcotics Bureau, told the female that he wanted a rock, referring to rock, or crack, cocaine. The female then called appellant over to the vehicle and the officers again stated that they wanted rock cocaine. At that point, appellant called over another black female, Shayna LaCounte, who produced a bag of cocaine rocks. Appellant took the money and LaCounte gave the officers the cocaine. Both appellant and LaCounte were later arrested.
Appellant's theory of defense was that he had abandoned his intent to commit the crime and instead allowed LaCounte to complete the transaction herself. He testified that he saw LaCounte hand the drugs over to the undercover officers. Further, both appellant and LaCounte testified that shortly after the sale appellant gave the money from the officers to LaCounte. Consistent with this theory, both undercover officers admitted that, at no point during the transaction, did they see appellant in possession of the cocaine.
At trial, in support of its position that it was immaterial whether appellant was ever seen in possession of the cocaine and over defense counsel's objection, the state elicited testimony from Detective Barnes regarding certain procedures used by drug dealers to protect themselves from robberies:
[State]: During your experience as a law enforcement officer involved in drug transactions, have you ever come upon a situation where you have maybe one person who is actually in possession of the drugs and the other person who is collecting the money?
[Defense]: Objection, irrelevant to this case.
The Court: Overruled.
Detective Barnes: Yes, it happens very often nowadays.
[State]: Why, is that? Why is it done that way?
[Defense]: Objection, Judge, speculation.
The Court: Overruled.
Detective Barnes: Experience-wise has shown that you also have the different types of things. The business that's going on out there in the street now, people are also getting jacked, which is also street terminology for dealers getting robbed and their stash being taken from them also.
A good reason for one person requesting to know what you want is to circumvent the possibility of that person being robbed and the stash, which is the cocaine rocks, *158 themselves, being stolen from that person. By having a person that requests to know what you want, another person sitting somewhere on the sidelines in the background with the actual narcotics, the person, that person purchasing the narcotic does not actually know where the narcotic is.
Before they started doing that, you would, from experience, the people would run up with a handful of rocks. When a lot of dealers started getting arrestednot arrested but getting robbed by other street people at gunpoint, they figured out well, it is time to change operations which is
[Defense]: Judge, I have to renew my objection at this time and move to strike. We are bringing up jack robberies, guns. This is a sale of cocaine trial. We should be talking about this case.
The Court: Overruled.
On appeal, appellant maintains that the trial court committed reversible error by allowing this testimony. We agree.
In Shelton v. State, 654 So.2d 1295 (Fla. 4th DCA 1995), this court similarly reversed a defendant's conviction for sale of cocaine where the trial court had allowed a police officer to testify that it is not unusual to find marked money of a drug dealer after a sale. Reversing, this court stated:
This testimony was inadmissible and highly prejudicial. In Lowder v. State, 589 So.2d 933, 935 (Fla. 3d DCA 1991), the court stated:
[E]very defendant has the right to be tried based upon the evidence against him, not on the characteristics or conduct of certain classes of criminals in general. Florida Courts have frequently criticized the use of testimony from police officers regarding their experience with other criminals as substantive proof of a particular defendant's guilt or innocence.
Id. at 1296.
Following Shelton, we hold that the trial court erred in allowing Detective Barnes to testify as to the procedures common to other drug sales. Detective Barnes' experience with other drug sales should not have been permitted as substantive proof of appellant's guilt.
Affirmed in part, reversed in part and remanded for a new trial.
WARNER and PARIENTE, JJ., concur.
NOTES
[1] Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).