695 So.2d 473 (1997)
Rodney DUNNING, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2461.
District Court of Appeal of Florida, Fourth District.
June 11, 1997.
*474 Richard L. Jorandby, Public Defender, and Mallorye G. Cunningham, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Aubin Wade Robinson, Assistant Attorney General, West Palm Beach, for appellee.
DELL, Judge.
Rodney Dunning appeals his conviction for the sale and possession of cocaine. He contends the trial court erred in allowing a detective to testify to the general customs used by drug dealers in drug transactions. We agree that the trial court erred, but we hold that the admission of the testimony constituted harmless error and affirm the conviction.
On November 9, 1995, the St. Lucie County Sheriff's Office conducted a drug buy/bust operation. Between 1:00 p.m. and 1:40 p.m., Detective Connell observed appellant sitting on a metal canal barrier, nodding his head in an attempt to get her attention. After appellant approached the detective's car, she requested three cocaine rocks for $20.00. Appellant ran to a pile of dirt next to where he sat, dug something out of the ground, and came back with what the state crime laboratory determined to be three cocaine rocks. The detective gave appellant a marked $20.00 bill. Later, detectives found the marked bill on appellant's person.
Appellant testified that Detective Connell approached him twice. He claimed that on her second approach, he gave her three pebbles off the ground in exchange for $20.00. He further testified that he gave her the pebbles to keep her from aggravating him. Over defense objection, Detective Connell testified that when dealers sell drugs, it is not uncommon to keep the drugs off their persons.
The trial court should not have permitted Detective Connell to testify concerning general customs of drug dealers. See Thomas v. State, 673 So.2d 156 (Fla. 4th DCA 1996); Shelton v. State, 654 So.2d 1295, 1296 (Fla. 4th DCA 1995). However, appellant's contention that this was reversible error is without merit. Detective Connell witnessed and testified to appellant's participation in the transaction. Appellant admitted to the exchange with the detective and carried the marked $20.00 bill. His only defense was that he gave the detective "pebbles," not cocaine. The crime laboratory, however, determined these pebbles were cocaine. Furthermore, appellant's possession of the so-called pebbles was not an issue in this case.
We hold that the record shows beyond a reasonable doubt that the error did not affect the verdict. We affirm on the authority of State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
AFFIRMED.
GUNTHER, C.J., concurs.
STEVENSON, J., concurs specially with opinion.
STEVENSON, Judge, concurring specially.
I concur in the majority's finding that the admission of Detective Connell's singular *475 comment opining that it is standard operating procedure for drug dealers not to keep the drugs on their person was harmless error. Even in drug-infested South Florida, appellee's explanation for his possession of the drugsthat he randomly scooped three pebbles from the ground, which pebbles happened to be cocaine, which happened to be the very drug that the undercover agent was seekingis so outlandish and improbable that it most certainly would have been rejected by this or any other jury, with or without Detective Connell's improper comment.