730 So.2d 715 (1999)
Darion WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 98-0728.
District Court of Appeal of Florida, Fourth District.
January 20, 1999.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Darion White, charged by information with delivery of cocaine, appeals his conviction and sentence. He argues that the trial court erred when it permitted Officer Genna to testify about what occurs in other drug cases. We reverse.
Officer Joseph Genna was working undercover posing as a drug buyer when he met Lucas Pitters on West Broward Boulevard. After a brief discussion about money, Pitters pointed across the street where appellant and another man stood. Pitters walked across Broward Boulevard and approached appellant. Officer Genna, about sixty feet away, saw a hand to hand transaction occur where appellant put what was in his pocket into Pitters' hand. Genna testified that although he could not see what was transferred, Pitters walked back to him with the object still in his hand. Genna gave him twenty dollars and received a piece of crack cocaine. Genna also testified that when he asked for more cocaine as he waited for the *716 arrest team, Pitters spit out the piece of crack cocaine he just put in his mouth and sold it to Genna for ten dollars.
Over appellant's objection, the State asked Genna why Pitters would not have the crack cocaine on his person during the initial encounter. The trial court overruled the objection, and Genna responded, "In a lot of these cases one individual will hold the drugs, another will solicit the sale. At that point, once the transaction has occurred, either a monetary payment is given to the solicitor or the payment is given in narcotics [in] exchange for them facilitate the dealing." The jury found appellant guilty of delivery of cocaine.
Appellant argues that the trial court erred when it permitted Officer Genna to testify about what happens in "a lot of these cases."
[E]very defendant has the right to be tried based on the evidence against him, not on the characteristics or conduct of certain classes of criminals in general. Florida courts have frequently criticized the use of testimony from police officers regarding their experience with other criminals as substantive proof of a particular defendant's guilt or innocence.
Lowder v. State, 589 So.2d 933, 935 (Fla. 3d DCA 1991), cause dismissed, 598 So.2d 78 (Fla.1992). In Thomas v. State, 673 So.2d 156 (Fla. 4th DCA 1996), the prosecutor asked a detective why it happens in a drug transaction that one person is in possession of drugs and another collects money. The detective testified to those reasons, and this court concluded that such testimony should not have been permitted to prove the defendant's guilt. Id. at 158. Testimony about a detective's past experiences is generally not permitted because
[it] allows a jury to consider not only the facts relevant to that defendant's case but also events at other points in time unrelated to the defendant's conduct. The jury is asked to infer that because defendant's behavior was similar to the behavior of other drug dealers that the officer had previously arrested or observed, defendant must be guilty.
Dean v. State, 690 So.2d 720, 723 (Fla. 4th DCA 1997); see also Shelton v. State, 654 So.2d 1295 (Fla. 4th DCA 1995).
We reject the State's argument that Officer Genna's testimony was harmless error, and we reverse and remand for a new trial.
REVERSED and REMANDED.
DELL, FARMER and SHAHOOD, JJ., concur.