732 So.2d 1179 (1999)
David Leon BASKIN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-969.
District Court of Appeal of Florida, First District.
April 27, 1999.
*1180 Nancy A. Daniels, Public Defender; Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Kristina White, Assistant Attorney General, Tallahassee, for Appellee.
JOANOS, J.
In this direct appeal, David Leon Baskin (appellant) appeals his conviction and the sentences imposed after a jury found him guilty of two counts of sale of crack cocaine, in violation of section 893.13(1)(a)1, Florida Statutes (1997). Appellant asserts as error that the investigating detective was permitted to testify over defense objection that it is not uncommon for drug dealers to keep their drugs at a separate location, rather than carrying such contraband on their respective persons. We affirm, because the error was harmless under the circumstances of this case.
As appellant's counsel correctly asserts, the law is well settled that general criminal behavior testimony based upon a law enforcement officer's observations and experience in the investigation of other cases is inadmissible as substantive proof of a defendant's guilt, because a defendant has a right to be tried based on the evidence against him or her, not on the characteristics or general behavior of certain classes of criminals in general. See, e.g., Dean v. State, 690 So.2d 720, 723 (Fla. 4th DCA 1997); Lowder v. State, 589 So.2d 933, 935 (Fla. 3d DCA 1991), dismissed, 598 So.2d 78 (Fla.1992).
The controlling evidentiary issue in this case was the credibility of the undercover investigating officer who testified that appellant sold crack cocaine to him on two occasions. Appellant testified in his own behalf, denying that he sold crack cocaine to the detective. In defense, appellant suggested the detective might have confused appellant with two other individuals similar to him in appearance.
Whether drug dealers keep the substance on their persons during transactions or store it in a separate location, was not an issue in this case, and had no bearing on the defense of confused identity. Under both the rule pronounced in State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), and pursuant to section 924.051(7), Florida Statutes, the error was harmless. See also Dunning v. State, 695 So.2d 473, 474 (Fla. 4th DCA 1997).
AFFIRMED.
BOOTH and WEBSTER, JJ., CONCUR.