766 So.2d 250 (2000)
Larry LAWRENCE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-0852.
District Court of Appeal of Florida, Fourth District.
February 9, 2000.
Richard L. Jorandby, Public Defender, and Steven H. Malone, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
Larry Lawrence appeals his conviction of purchasing cocaine in violation of section 893.13(2)(a), Florida Statutes (1999). We reverse because the trial court erroneously admitted testimony concerning typical characteristics of drug transactions unrelated to the one in this case.
The state's case was that two undercover police officers sold Lawrence a cocaine rock. Lawrence was arrested shortly after the sale, but the rock was not recovered.
Over objection, the state asked one of the undercover officers whether it was "unusual for the cocaine not to be recovered in these types of situations?" The officer responded, "Sometimes it is, yes." Next, the prosecutor asked whether it was "common for people to try and discard or hide or conceal the cocaine?" After a defense objection, the trial court told the prosecutor to "lay a predicate." The prosecutor then established that the officer had been involved with over one hundred drug *251 transactions and asked, "And when people are arrested for cocaine, or drugs, or illegal substances on the street, do they often discard or dispose of the items?" The defense objected and the trial judge told the prosecutor to "lay some ground work into" the officer's experience. The prosecutor asked, "In your experience what is common when these type of situations occur?" The officer responded, "Sometimes they try to throw it away, throw it over the fence, eat it."[1]
This testimony concerning characteristic patterns in a type of criminal activity was inadmissible. In a number of cases, this court has held that testimony of generalized common practices among drug dealers is not admissible as proof of guilt. See White v. State, 730 So.2d 715 (Fla. 4th DCA 1999); Moore v. State, 711 So.2d 1185 (Fla. 4th DCA 1998); Dunning v. State, 695 So.2d 473 (Fla. 4th DCA 1997); Dean v. State, 690 So.2d 720 (Fla. 4th DCA 1997); Shelton v. State, 654 So.2d 1295 (Fla. 4th DCA 1995).
In Dean, Judge (now Justice) Pariente observed that we have "repeatedly condemned testimony about behavior patterns of criminals, including drug dealers, based upon an officer's observations in other cases." 690 So.2d at 722 (citations omitted). As Dean explained:
General criminal behavior testimony is not allowed as substantive proof of a defendant's guilt because "every defendant has the right to be tried based on the evidence against him, not on the characteristics or conduct of certain classes of criminals in general." Lowder v. State, 589 So.2d 933, 935 (Fla. 3d DCA 1991), dismissed, 598 So.2d 78 (Fla.1992). In Lowder, the court found reversible error where the detective was allowed to testify that "[p]eople who sell narcotics usually have cash in their pocket." Id.

Id. at 723.
Shelton is most similar to this case. There, an undercover officer purchased a cocaine rock from the defendant for $20.00. However, neither a twenty dollar bill nor drugs were found on the defendant after his arrest. The officer testified at trial, in response to questions from the prosecutor, that the police "don't always recover the money" and "rarely" recover the drugs in undercover arrests. 654 So.2d at 1296. This court held that such testimony was "inadmissible and highly prejudicial." Id.
Having reviewed the transcript of the trial, we do not find that "there is no reasonable possibility that the error contributed to the conviction." Goodwin v. State, 751 So.2d 537, 541 (Fla.1999) (quoting State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986)). Lawrence testified that the officers approached him and asked if he needed anything; he told them no. Lawrence claimed that when one officer displayed something in a package, Lawrence said he did not need it and continued on his way. He was then arrested.
The conviction is reversed and remanded to the trial court for a new trial.
As to the other points on appeal, concerning the sufficiency of the evidence and the special jury instruction, we find no error. The scrivener's error in the probation order is rendered moot by the reversal.
STEVENSON and SHAHOOD, JJ., concur.
NOTES
[1] Although the officer giving the testimony did not see Lawrence swallow the cocaine, his partner thought that Lawrence "threw the cocaine into his mouth" when he saw the police coming to arrest him.