760 So.2d 217 (2000)
Ricardo DALEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-2264.
District Court of Appeal of Florida, Fourth District.
May 10, 2000.
Rehearing Denied June 21, 2000.
Richard L. Jorandby, Public Defender, and Damon E. Amedeo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for appellee.
HAZOURI, J.
Ricardo Daley appeals from his conviction and sentence for sale or delivery of cocaine near a school, arguing that the court erred in admitting an undercover officer's testimony that it is not unusual to not find marked money, cocaine or drugs on a drug seller after the sale and upon apprehension. We reverse.
The factual circumstances of the instant case are almost identical to those in our ruling in Shelton v. State, 654 So.2d 1295 (Fla. 4th DCA 1995). As in Shelton, a drug transaction took place between an undercover police officer and Daley. In the cross-examination of the undercover police officer, defense counsel elicited that when Daley was arrested he did not possess any crack cocaine, other drugs, or money which would indicate that a sale had taken place. Over objection by defense counsel, the state was permitted in re-direct examination of the police officer to elicit testimony that in the twelve years he had worked in the narcotics unit it was not unusual, in fact it was a regular occurrence, that upon apprehension the seller would not have any cocaine, drugs or money in his possession.
In Shelton, this court found this testimony to be inadmissible and highly prejudicial. We cited with approval Lowder v. State, 589 So.2d 933, 935 (Fla. 3d DCA 1991), in which the third district court of appeal stated:
[E]very defendant has the right to be tried based on the evidence against him, not on the characteristics or conduct of certain classes of criminals in general. Florida courts have frequently criticized the use of testimony from police officers regarding their experience with other criminals as substantive proof of a particular defendant's guilt or innocence.
For the above stated reasons we hold the police officer's testimony was highly prejudicial and inadmissible. We, therefore, *218 reverse the conviction and sentence and remand for a new trial.
KLEIN and TAYLOR, JJ., concur.