PER CURIAM.
We reverse Avila’s conviction for trafficking in cocaine because of prejudicial error in admitting expert testimony that in narcotics transactions money may be “fronted.” This testimony was the state’s explanation for the failure to find narcotics purchase money on Avila at the time of his arrest. As to all other issues raised, we find no reversible error.
Avila was arrested after a narcotics transaction arranged by a confidential informant at the behest of law enforcement officers. Police officers observed him pass a package to the informant and the informant’s car was stopped and searched shortly thereafter. The package was in the car and contained cocaine. The confidential informant did not testify at trial.
Avila established, through cross-examination of a detective who participated in the arrest, that when arrested, no money or cocaine was found in Avila’s possession. On re-direct, the state inquired of the detective as follows:
Q [STATE]: Is it unusual, Detective, based on your training and experience that either money be fronted—
⅜ * *
Q: Does it happen?
A [AMBROSE]: Yes, it does.
This case is controlled by our previous decision in Shelton v. State, 654 So.2d 1295 (Fla. 4th DCA 1995). In Shelton, as in this case, the defendant sought to establish his innocence by showing that no money or drugs were found on him at the time of arrest; on cross-examination, a police officer was permitted to testify that on arrest in a narcotics transaction, it is not unusual not to find the money paid for the drugs on the subject. The testimony in Shelton was held inadmissible and highly prejudicial because it tended to prove the defendant’s guilt not on the evidence against him, but on proof of “characteristics or conduct of certain classes of criminals.” Id. at 1296 (quoting Lowder v. State, 589 So.2d 933 (Fla. 3d DCA 1991)).
Following Shelton, we deem the instant testimony inadmissible. Furthermore, based on the record, we are unable to say beyond a reasonable doubt that the erroneous admission of testimony regarding the “front money” did not harmfully affect the verdict. See Shelton; see generally Goodwin v. State, 751 So.2d 537" (Fla.1999)(re-affirming DiGuilio[1] test for determining harmless error under section 924.051(3), Florida Statutes).
Accordingly, we reverse and remand for a new. trial. As to the other issues raised, we find no reversible error or abuse of discretion.
*936 HAZOURI, J. and STETTIN, HERBERT, Senior Judge, concur.
STONE, J., concurs specially with • opinion.

. State v. DiGuilio, 491 So.2d 1129 (Fla.1986)