770 So.2d 271 (2000)
Joseph BATTEN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-4174.
District Court of Appeal of Florida, Fourth District.
November 1, 2000.
*272 Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Joseph Batten was found guilty by a jury of delivery of cocaine and resisting arrest with violence. On appeal, he contends that the trial court erred in admitting an officer's testimony that it is not unusual for drug suspects to discard marked money during a drug transaction. We reverse.
At trial a narcotics detective for the Hollywood Police Department testified that appellant approached his undercover vehicle and asked him and another officer "how much [they] needed." The officer responded "a twenty." In exchange for a crack cocaine rock, the officer gave appellant a twenty dollar bill. The serial number of the currency had previously been recorded. When appellant was advised he was under arrest, he fled the scene. After a chase and struggle, appellant was arrested. A search of appellant after his arrest disclosed that appellant did not have the "marked" money nor any drugs on his person.
During cross-examination of the officer who purchased the crack cocaine, defense counsel established that no drugs or money were found in appellant's possession when he was arrested. On re-direct examination, the prosecutor asked the officer whether based on his experience it was unusual for a suspect to discard money used in a drug transaction. Defense counsel objected that such testimony was "irrelevant to this particular case." The trial judge overruled the objection. The officer responded that it was "not unusual at all" and that "it happens all the time." Later during the officer's testimony, he testified again, over defense counsel's relevancy objection, that it was not unusual not to recover the money used in a drug transaction.
We found identical testimony to be irrelevant and highly prejudicial in Shelton v. State, 654 So.2d 1295 (Fla. 4th DCA 1995). We have consistently condemned such "general criminal behavior" testimony because of its tendency to place prejudicial and misleading inferences before the jury. See Dean v. State, 690 So.2d 720 (Fla. 4th DCA 1997). As we stated in Moore v. State, 711 So.2d 1185, 1187 (Fla. 4th DCA 1998):
Every defendant has the right to be tried based upon the evidence against him, not on the characteristics or conduct of certain classes of criminals in general ... [t]hus, where an undercover officer's testimony regarding procedures common to other drug sales is admitted as substantive proof of the defendant's guilt, reversible error results.
(citations omitted); accord Lawrence v. State, 766 So.2d 250 (Fla. 4th DCA 2000); White v. State, 730 So.2d 715 (Fla. 4th DCA 1999); Dunning v. State, 695 So.2d 473 (Fla. 4th DCA 1997).
Accordingly, we reverse appellant's convictions and sentences and remand for a new trial.
REVERSED and REMANDED.
TAYLOR, J. and LENDERMAN, JOHN C., Associate Judge, concur.
WARNER, C.J., concurs specially with opinion
WARNER, C.J., concurring specially.
I concur with the majority because the error was not harmless under Goodwin v. State, 751 So.2d 537 (Fla.1999). Appellant's theory of defense was that the transaction never happened and that the officers were not credible. Failing to find the money the officers allegedly gave to appellant for the drugs would have been an important part of appellant's argument as *273 to why the transaction never happened. That strategy was undercut by offering evidence that showed it was usual for suspects in drug transactions to discard money prior to their capture.