791 So.2d 1121 (2000)
Kevin YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-3780.
District Court of Appeal of Florida, Fourth District.
December 6, 2000.
Richard Jorandby, Public Defender, David McPherrin, Assistant Public Defender, *1122 John Cavo and Antonio Roca, Certified Legal Interns, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of possession of cocaine with intent to sell. He seeks a new trial because a police officer was allowed to testify that it was not uncommon for people selling cocaine to not have the cocaine in their physical possession. We reverse.
The officer's testimony, over appellant's objection, that it is not uncommon in sales of cocaine for the seller to not have the cocaine in his physical possession, is clearly inadmissible. Shelton v. State, 654 So.2d 1295 (Fla. 4th DCA 1995). As we said in Moore v. State, 711 So.2d 1185, 1187 (Fla. 4th DCA 1998):
Every defendant has the right to be tried based upon the evidence against him, not on the characteristics or conduct of certain classes of criminals in general ... [t]hus, where an undercover officer's testimony regarding procedures common to other drug sales is admitted as substantive proof of the defendant's guilt, reversible error results.
(citations omitted).
The state argues that the testimony was admissible in this case because the defense opened the door in opening statement when counsel explained to the jury:
[Y]ou'll hear no evidence from any police officer that Mr. Young or Mr. Francilien, for that matter, were found with any drugs, any narcotics, any cocaine on their person when the police confronted them and took them into custody.
In Bozeman v. State, 698 So.2d 629, 630-31 (Fla. 4th DCA 1997), a case in which the issue was whether normally inadmissible evidence of prior bad acts of the defendant was admissible because the defendant had opened the door, Judge Gross explained:
The state argues that defense cross-examination of Wimberly opened the door to testimony about the unit. To open the door to evidence of prior bad acts, the defense must first offer misleading testimony or make a specific factual assertion which the state has the right to correct so that the jury will not be misled ... The "opening the door" concept is based on considerations of fairness and the truth-seeking function of a trial, where cross-examination reveals the whole story of a transaction only partly explained in direct examination.
(citations omitted).
The Florida Supreme Court cited Bozeman in Rodriguez v. State, 753 So.2d 29, 42 (Fla.2000) stating:
As an evidentiary principle, the concept of "opening the door" allows the admission of otherwise inadmissible testimony to "qualify, explain, or limit" testimony or evidence previously admitted ... The concept of "opening the door" is "based on considerations of fairness and the truth-seeking function of a trial." Bozeman v. State, 698 So.2d 629, 631 (Fla. 4th DCA 1997). "For example, in McCrae v. State, 395 So.2d 1145, 1151 (Fla.1980), defense counsel through his questions on direct examination `tactfully attempted to mislead the jury into believing that [the defendant's] prior felony was inconsequential.'" Bozeman, 698 So.2d at 631 (quoting McCrae, 395 So.2d at 1151). In McCrae, this Court held that to negate the misleading impression given by defense counsel's *1123 question, the prosecutor was entitled to elicit the nature of the prior felony conviction on cross-examination.
(citations omitted)(emphasis added).
In the present case, there was nothing misleading about defense counsel telling the jury, in opening statement, that there would be no evidence that the defendant had cocaine in his physical possession when he was arrested. Nor would the testimony be admissible to reveal "the whole story of a transaction only partly explained in direct examination." Bozeman, 698 So.2d at 631. The whole story in the present case would be the complete story of this transaction, not how drugs are commonly sold.
Appellant also argues that the trial court should have granted a mistrial after a police officer testified that he was a member of a high profile drug unit which operated only in high crime areas. The trial court properly sustained the objection and gave a curative instruction to that testimony, but denied a motion for mistrial. We need not decide whether that alone would require a new trial, since the testimony about other drug sales does require one, but we agree with the appellant that the remark was clearly inadmissible. Beneby v. State, 354 So.2d 98 (Fla. 4th DCA 1978). Reversed.
GROSS and TAYLOR, JJ., concur.