872 So.2d 998 (2004)
Calvin L. GRIFFIN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-801.
District Court of Appeal of Florida, Fourth District.
May 12, 2004.
*999 Carey Haughwout, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Calvin Griffin was charged by Information with one count of tampering with or fabricating physical evidence and one count of resisting an officer without violence. The jury found him guilty on both counts and a Judgment was entered in accordance with the jury verdict. Griffin appeals his Judgment and Sentence on the basis that the trial court improperly allowed certain prejudicial testimony to come into evidence during the trial. He alleges three separate instances of improper testimony. We agree that the trial court erred in allowing certain testimony relating to general criminal behavior and reverse for a new trial on the charge of tampering with or fabricating physical evidence.
The charges against Griffin arose from an incident that occurred on September 13, 2002. The Boynton Beach Police Department received information from an informant that at a certain location there would be a black male wearing a white shirt and purple pants with several cocaine rocks in his possession for the purpose of sale. Officers Rodriguez and Kelley went to the location and observed Griffin dressed in similar clothing. The officers alleged that they observed crack cocaine in Griffin's mouth. They ordered Griffin to spit the cocaine rocks out, but he did not comply. The officers then attempted to arrest Griffin, but he resisted. Two other officers approached the scene and assisted in Griffin's arrest. The cocaine was never recovered. The officers believed that Griffin swallowed the cocaine during the struggle.
At trial, Officer Rodriguez testified that he observed white crack cocaine rocks in Griffin's mouth as the officers were talking to him. The prosecutor asked him: "In your experience as a police officer is it common for people to keep crack cocaine in their mouth?" Officer Rodriguez answered: "Through my training and experience, I've experienced lots of people place the crack on the side pocket between their gum line and their cheek where they conceal the crack cocaine." Defense counsel objected to this testimony and argued that it is improper for police officers to testify regarding the characteristics or conduct of certain classes of criminals in general. *1000 The trial court overruled the objection. We reverse.
This court has previously held that general criminal behavior testimony is not allowed as substantive proof of a defendant's guilt because every defendant has the right to be tried based on the evidence against him or her, not on the characteristics or conduct of certain classes of criminals in general. See Dean v. State, 690 So.2d 720, 723 (Fla. 4th DCA 1997).
This principle was applied in Lawrence v. State, 766 So.2d 250 (Fla. 4th DCA 2000). In that case, the testimony at issue was the officer's testimony that it was not unusual for cocaine not to be recovered in certain situations. The prosecutor asked the officer in his experience what was common in those situations. The officer responded that sometimes people try to throw the cocaine away, throw it over the fence, or eat it. This court, relying on Dean, held that testimony of generalized common practices among drug dealers is not admissible as proof of guilt. See Lawrence, 766 So.2d at 251. The testimony was found to be inadmissible and prejudicial and the case was reversed for a new trial.
In the instant case, Officer Rodriguez's testimony was improper and prejudicial because it asked the jury to infer that Griffin did in fact have crack cocaine in his mouth, which he later swallowed, since it is a common practice. The State has not established that there is no reasonable possibility that the error contributed to the conviction, therefore the error is not harmless. See Goodwin v. State, 751 So.2d 537, 541 (Fla.1999) (quoting State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986)). Even though both Officers Rodriguez and Kelley testified that they were 100% sure that Griffin had cocaine in his mouth, their testimony was supported by Officer Rodriguez's testimony that it is common practice for people to conceal crack cocaine in their mouth in that particular manner. In addition, the prosecutor relied on this statement during closing argument.
The improper testimony related to only the charge of tampering with or fabricating physical evidence. Therefore, we reverse the conviction of tampering with or fabricating physical evidence and remand for a new trial. We affirm the conviction of resisting an officer without violence; however, we remand for resentencing based on the removal of the conviction of tampering with or fabricating physical evidence which was originally included in the scoresheet.
FARMER, C.J., and GUNTHER, J., concur.