967 So.2d 1105 (2007)
Carl Lee HICKS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3301.
District Court of Appeal of Florida, Fourth District.
November 14, 2007.
*1106 Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN J.
We reverse appellant's conviction for cocaine delivery for a new trial because the court erred in allowing officers to testify that in their experience, drug transactions often included two people involved in the sale, one who makes the offer, and the other who delivers the drugs.
An officer posing as a drug buyer told a man in a targeted area that she wanted a "40," slang for forty dollars worth of crack cocaine. This man, who was identified as the appellant, responded that he didn't have it, but he knew someone who did. Shortly after that, another man handed her two crack rocks in exchange for forty dollars, and appellant was then arrested. Neither the money, which was marked, nor any drugs, were found in appellant's possession.
During the trial, over objection, the court allowed an officer to testify as follows:
Q. "In your experience as an undercover officer . . . have there ever been times when you dealt with more than one person where you stopped to buy the drugs and you were talking to somebody about 40 and hard and all these other things, have there ever been times where there was more than one person involved in that transaction?"
A. "Yes." . . . "there [was] either a situation where I handed one person money but the other person handed me the drugs, or a situation where I arranged for the deal with one person and that person went to get another person who then I did the transaction with."
Another officer was allowed to testify over objection that he had encountered situations in which the first person "brokers" the deal because he has the street smarts to evaluate the prospective purchaser. The broker then summons another person to make the transaction.
*1107 In Lowder v. State, 589 So.2d 933 (Fla. 3d DCA 1991), an officer was allowed to testify based on his expertise that there was a correlation between carrying large amounts of cash and selling illegal drugs. The third district reversed the defendant's conviction based on the cases holding that testimony from officers regarding their experience with other criminals is not admissible as substantive proof of guilt or innocence. This court follows that rule. Griffin v. State, 872 So.2d 998 (Fla. 4th DCA 2004) (officer cannot testify that it is common for people involved with crack cocaine to hide it in their mouths); Lawrence v. State, 766 So.2d 250 (Fla. 4th DCA 2000) (generalized common practices of drug dealers inadmissible as proof of defendant's guilt).
We are unable to agree with the state that this error was harmless because the testimony was used to refute the defense theory that appellant was innocent since neither the marked money nor any drugs were found on him.
Reversed for a new trial.
POLEN and MAY, JJ., concur.