971 So.2d 972 (2008)
Christopher Xavier WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-668.
District Court of Appeal of Florida, Fourth District.
January 2, 2008.
Carey Haughwout, Public Defender, and Elisabeth Porter, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
Christopher White appeals his conviction after a jury trial of sale or delivery of cocaine, contrary to section 893.13(1)(a), Florida Statutes (2005). We reverse, because the trial court improperly admitted testimony that White's conduct displayed a characteristic typical of drug transactions.
*973 The evidence against White was based on a videotaped controlled buy made by a confidential informant, who admitted to 85 prior felony convictions. This buy was one of five or six drug purchases that the informant made on the same day. Two men approached the informant's van. According to the informant, one "gentleman . . . asked me what I wanted. The other gentleman had the narcotics and gave them to me and took the money." The informant identified White as the person she dealt with at the window of the car to arrange the sale. The videotape establishes White's presence at the scene, but is ambiguous about what he said to the informant. A codefendant actually handed the drugs to the informant and took the money.
Over a defense objection, the court permitted the supervising detective to give this testimony:
Prosecutor: Detective, I'm going to ask you to give me a yes or no to this question. Is it uncommon for . . . more than one person to come to the window of a car in a drug transaction?
Detective Oliver: No.
White's defense was that "it is not illegal to be present when somebody else commits a crime." The state contended that White acted in concert with the codefendant by asking the informant what she "needed."
General criminal behavior testimony based upon an officer's experience with other cases is inadmissible as substantive proof of a defendant's guilt. See Baskin v. State, 732 So.2d 1179, 1180 (Fla. 1st DCA 1999); Dean v. State, 690 So.2d 720, 723 (Fla. 4th DCA 1997). Such testimony asks a jury to infer that the defendant is guilty because his behavior was similar to the behavior of others who committed similar crimes. See White v. State, 730 So.2d 715, 716 (Fla. 4th DCA 1999). This type of testimony is relevant because it tends to prove guilt; that a defendant engaged in conduct similar to other drug dealers would be admissible in a motion hearing on the issue of probable cause. See § 90.401, Fla. Stat. (2006). However, in a jury trial, the relevance of general criminal behavior testimony "is substantially outweighed by the danger of unfair prejudice." § 90.403, Fla. Stat. (2006); Dean, 690 So.2d at 723. "[E]very defendant has the right to be tried based on the evidence against him, not on the characteristics or conduct of certain classes of criminals in general." Id. (quoting Lowder v. State, 589 So.2d 933, 935 (Fla. 3d DCA 1991)).
Often, the state seeks to introduce general criminal behavior testimony in drug cases to show that a defendant's conduct mirrored that of other drug sellers. In a variety of iterations, Florida courts have consistently held such testimony to be inadmissible:
 "not unusual" or "abnormal" not to recover marked money or drugs after an undercover buy, Shelton v. State, 654 So.2d 1295, 1296 (Fla. 4th DCA 1995);
 "very often" happens in drug sales that one person possesses drugs and another collects the money, Thomas v. State, 673 So.2d 156, 157 (Fla. 4th DCA 1996);
 not unusual for someone with contraband in luggage to consent to a search and people traveling under a false name "generally are involved in illegal activity," Dean, 690 So.2d at 721-22;
 people dealing in drugs "stand on the corners and street edges," Wheeler v. State, 690 So.2d 1369, 1371 (Fla. 4th DCA 1997);
 "not uncommon" for drug dealers to keep drugs off their persons, Dunning v. State, 695 So.2d 473, 474 (Fla. 4th DCA 1997);

*974  drug dealers often use brokers to set up a drug sale, typically do not carry money or drugs, commonly flag over vehicles to sell drugs, and "typically do not store drugs on the ground," Moore v. State, 711 So.2d 1185, 1186-87 (Fla. 4th DCA 1998);
 "In a lot of these cases one individual will hold the drugs, another will solicit the sale . . . [O]nce the transaction has occurred, either a monetary payment is given to the solicitor or the payment is given in narcotics.," White, 730 So.2d at 716;
 "not uncommon for drug dealers to keep their drugs at a separate location, rather than carrying such contraband on their respective persons," Baskin, 732 So.2d at 1180;
 "not unusual for one individual to direct a potential buyer to a second individual for consummation of the drug sale," Hamilton v. State, 734 So.2d 1130 (Fla. 1st DCA 1999);
 "not unusual to not find marked money, cocaine or drugs on a drug seller after the sale and upon apprehension," Daley v. State, 760 So.2d 217 (Fla. 4th DCA 2000);
 common for people arrested in a drug case to try to discard, hide, or conceal cocaine by throwing it away or eating it, Lawrence v. State, 766 So.2d 250 (Fla. 4th DCA 2000);
 "not unusual at all" for suspect to discard money used in a drug transaction, so that it was not recovered after an arrest, Batten v. State, 770 So.2d 271, 272 (Fla. 4th DCA 2000);
 "not uncommon for people selling cocaine to not have the cocaine in their physical possession," Young v. State, 791 So.2d 1121 (Fla. 4th DCA 2000);
 "common for people to keep crack cocaine in their mouth," Griffin v. State, 872 So.2d 998, 999 (Fla. 4th DCA 2004);
 "drug transactions often included two people involved in the sale, one who makes the offer, and the other who delivers the drugs," Hicks v. State, 967 So.2d 1105 (Fla. 4th DCA 2007).
Detective Oliver's testimony in this case is similar to that held inadmissible in Hicks, Hamilton, White, and Thomas. We do not find that "there is no reasonable possibility that the error contributed to the conviction." Goodwin v. State, 751 So.2d 537, 541 (Fla.1999) (quoting State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986)). The detective's testimony refuted White's theory that he did not participate in the crime. Without the criminal behavior testimony suggesting guilt by comparison, the jury would have been required to decide the case solely from the videotape and the informant's testimony.
We find no error on the other points raised. The state's evidence properly withstood a motion for judgment of acquittal.
Reversed and remanded.
WARNER and FARMER, JJ., concur.