TAYLOR, J.
 

 Gerald Petion appeals his convictions for possession of cocaine with intent to sell, possession of cannabis with intent to sell, and unlawful use of a false name. We reverse only Petion’s conviction and sentence for possession of cannabis with intent to sell. There was insufficient evidence to establish his constructive possession of marijuana found inside the vehicle, which was jointly occupied by the defendant and three other passengers.
 

 At the defendant’s non-jury trial, Deputy Dennis Conway testified that a local resident told him that he was walking down the street when he was flagged down by a man driving a white Toyota Camry with dark window tint. The driver asked him if he was straight or looking to party. He handed him a piece of paper with the initials “G.P.” and a phone number to call if he should decide to party. The resident showed the deputy the piece of paper.
 

 A few days later, Deputy Conway spotted a white Camry with dark tinted windows and followed the vehicle. The driver of the vehicle made a left turn without signaling and then accelerated above the speed limit. After making several turns, the driver pulled into a driveway. He opened the driver’s side door. Observing what appeared to be a window tint violation, the deputy pulled beside the Camry on the driver’s side. He approached the driver and requested his driver’s license, registration, and proof of insurance.
 

 The defendant handed the deputy a driver’s license. However, the photograph on the license was not the defendant’s, and the defendant was unable to recite the date of birth and address listed on the license. At that point the deputy asked the defendant to exit the vehicle and placed him under arrest for giving false identification to a law enforcement officer. He searched the defendant and found crack cocaine and powder cocaine in his pants pockets.
 

 While the defendant was being searched outside the car, three other occupants of the vehicle remained inside. They were ordered to either place them hands on the headrest in front of them or on the dashboard. After the defendant was searched, the passengers were ordered to exit the vehicle and produce identification. A search of the vehicle revealed twelve bags of marijuana underneath a jacket located on the driver’s seat. In addition, clear plastic bags were discovered in the front console. The officer testified as follows:
 

 Q Now ... when you have him out of the car and he is back like this standing at the back of the car while you are
 
 *85
 
 searching him, where are the other three occupants of the car?
 

 A. They are still inside the vehicle, sir.
 

 Q. So they are still inside the vehicle?
 

 A. Yes, sir.
 

 Q. And you’re concentrating on, obviously, Mr. Petion, is that correct?
 

 A. That’s correct, sir.
 

 Q. And you’re depending on whatever officer is there to monitor the other three guys?
 

 A. Yes, sir.
 

 The only other officer at the scene, Sergeant Morse, testified that while the defendant was being searched, he was also at the back of the car and concentrating on the search of the defendant. He did not testify that anyone was monitoring the actions of the other occupants of the vehicle and checking to see if they were complying with directions to keep their hands on the headrest or dashboard in front of them. The vehicle was not registered to the defendant or any of the other occupants of the vehicle.
 

 Sergeant Morse testified that he observed several slips of paper with the initials “G.P.” and a telephone number on them inside a cup in the center console of the vehicle. Over defense objection, Sergeant Morse was allowed to testify that it was common for street level narcotics dealers to hand out contact references similar to those on the slips of paper to potential buyers. Deputy Conway was recalled to corroborate Morse’s testimony about finding the slips of paper in the cup. He testified that there were between thirty and fifty slips in the cup and that he had seen one of these slips before. The state rested and the defendant moved for a judgment of acquittal.
 

 The defendant took the stand and testified that he was not driving the Camry and that another person named “Ricardo” was driving. The defendant testified that he was in the back seat. The officers stopped the car and made all four men get out of the car and put each of them in handcuffs. The officers asked for their names, but the defendant refused to give his name, explaining that he had not done anything. The officer said, “Oh, you want to be a smart ass,” and then searched the defendant. According to the defendant, the officer found three “reefer bags.” The defendant admitted that he had three baggies of marijuana in his pants pocket. The defendant testified that when the officers searched the car, they found a bag full of cocaine rocks and a bag full of cocaine powder. The officers asked who owned these drugs. No one confessed. The defendant again refused to give his name, so the officers said they were going to charge him with everything. The defendant said he did not know about the slips of paper with his initials.
 

 At the close of all the evidence, the defendant renewed his motion for judgment of acquittal. The trial court found the defendant guilty of the lesser included offense of possession of cocaine with intent to sell, possession of cannabis with intent to sell, and unlawful use of a false name. The defendant was sentenced to forty-six months imprisonment, concurrently, on both counts I and II, and to time served on Count III.
 

 On appeal the defendant argues that the trial court erred in denying his motion for judgment of acquittal because the state failed to prove that he possessed the marijuana found inside the jointly occupied vehicle. The standard of review of a trial court’s ruling on a motion for judgment of acquittal is
 
 de novo. Jones v. State,
 
 869 So.2d 1240, 1242 (Fla. 4th DCA 2004).
 

 
 *86
 
 Because the marijuana on the driver’s seat was not found on the defendant’s person, the state proceeded on a theory of constructive possession.
 
 Martoral v. State,
 
 946 So.2d 1240, 1242 (Fla. 4th DCA 2007). To establish constructive possession, the state must prove that the defendant had knowledge of the presence of the drug and the ability to exercise dominion and control over the same.
 
 Id.
 
 When a vehicle is jointly occupied, a defendant’s mere proximity to contraband is insufficient to establish constructive possession.
 
 Id.
 
 Rather, the state must present independent proof of the defendant’s knowledge and ability to control the contraband.
 
 Id.
 
 In this case, the state argues that, although there were three other occupants in the vehicle, the marijuana was situated such that the defendant would have been sitting on it while driving the car. The state maintains that this evidence was sufficient for his conviction for constructive possession of the marijuana.
 

 In a circumstantial evidence case, a motion for judgment of acquittal should be granted unless the state can present evidence from which the jury can exclude every reasonable hypothesis except that of guilt.
 
 See Kirkland v. State,
 
 684 So.2d 732, 734 (Fla.1996);
 
 State v. Law,
 
 559 So.2d 187, 188 (Fla.1989). The evidence must be viewed in a light most favorable to the state.
 
 Id.
 
 at 189. The state is not required to conclusively rebut every possible variation of the events, but only to introduce competent evidence which is inconsistent with the defendant’s theory of events.
 
 Id.
 

 In a jointly occupied vehicle case, the evidence must rule out the hypothesis of innocence that the contraband belonged to another passenger; otherwise, the court must enter a judgment of acquittal.
 
 See Daniels v. State, 111
 
 So.2d 1113, 1118 (Fla. 4th DCA 2001).
 

 To rebut the defendant’s hypothesis of innocence, the state argues that the other passengers were unable to exercise control over the drugs found on the driver’s seat. It relies upon testimony that while the defendant was being searched, the other occupants of the vehicle were ordered to place their hands on the headrest or dashboard in front of them.
 
 State v. Williams,
 
 742 So.2d 509, 513 (Fla. 1st DCA 1999) involved similar but distinguishable facts. There, as in this case, the drugs were found where the defendant driver “had to have been sitting upon or directly against the baggy” containing the drugs. The defendant contended that someone else in the car could have placed the baggy in his seat after he exited the car. The first district found that this hypothesis of innocence was rebutted by the officers’ testimony that the other three occupants were “closely observed by law-enforcement officers at all times” after the initial encounter and were “immediately ordered to hold up their hands in plain view and that nobody had the time or the opportunity to move or drop anything inside the car.”
 

 Here, however, although the testimony showed that the occupants were ordered to place their hands on the headrest or dashboard in front of them while the defendant was being searched, it did not exclude the possibility that one of them may have placed the marijuana in the driver’s seat before the defendant was searched or that someone may have surreptitiously ignored the order while the search was being conducted. Both officers testified that they were focusing on the search of the defendant at the back of the car, and no evidence was presented that either officer was closely observing the three occupants inside the car and monitoring their actions. Thus the defendant’s hypothesis of innocence was not rebutted.
 
 See Moffatt v. State,
 
 583 So.2d 779 (Fla. 1st DCA 1991)
 
 *87
 
 (holding that the evidence presented was not inconsistent with the reasonable hypothesis that the passenger secreted the drugs while left alone in the car).
 

 The state also relies on the defendant’s admission that he had marijuana on his person when he was searched. But the defendant admitted to possessing a much smaller quantity of marijuana than the dozen baggies found on the seat. In any event, the state may not rely on this admission, made during the defense case, to defeat a motion for judgment of acquittal made at the close of the state’s case.
 
 Pennington v. State,
 
 526 So.2d 87 (Fla. 4th DCA 1987). The motion for judgment of acquittal should have been granted as to the marijuana charge.
 

 The defendant also contends that the trial court abused its discretion when it permitted Sergeant Morse to testify that it was common for street level narcotics dealers to hand out contact information to potential buyers, such as the initials and phone number on the slips of paper found in the vehicle. He argues that testimony about generalized common practices among drug dealers is inadmissible as substantive proof of a particular defendant’s guilt. This is true, because every defendant has the right to be tried based on evidence against him, not on the characteristics or conduct of certain classes of criminals in general.
 
 See Armalin v. State,
 
 884 So.2d 458, 459 (Fla. 4th DCA 2004);
 
 Batten v. State,
 
 770 So.2d 271, 272 (Fla. 4th DCA 2000);
 
 Lawrence v. State,
 
 766 So.2d 250 (Fla. 4th DCA 2000);
 
 Daley v. State,
 
 760 So.2d 217 (Fla. 4th DCA 2000);
 
 Moore v. State,
 
 711 So.2d 1185, 1187 (Fla. 4th DCA 1998);
 
 Dunning v. State,
 
 695 So.2d 473, 474 (Fla. 4th DCA 1997);
 
 Wheeler v. State,
 
 690 So.2d 1369, 1371 (Fla. 4th DCA 1997);
 
 Dean v. State,
 
 690 So.2d 720 (Fla. 4th DCA 1997);
 
 Osario v. State,
 
 526 So.2d 157, 158 (Fla. 4th DCA 1988). We find, however, that any error in admitting this testimony was harmless in this case, which was tried without a jury. When a trial judge, sitting as the trier of fact, erroneously admits evidence, the judge is presumed to have disregarded that evidence.
 
 See C.W. v. State,
 
 793 So.2d 74 (Fla. 4th DCA 2001). Although this presumption is rebuttable, nothing in the record suggests that the trial judge relied upon this inadmissible evidence.
 

 Accordingly, we affirm the defendant’s convictions for possession of cocaine with intent to sell on Count I and giving false information to a police officer on III, but reverse the defendant’s conviction for possession of marijuana with intent to sell on Count II and remand for discharge as to that count.
 

 Affirmed in part, Reversed in part.
 

 STEVENSON and MAY, JJ., concur.