PADOVANO, J.
 

 The defendant, Myles Austin, appeals his conviction for the crime of trafficking in cocaine. We conclude that the trial court erred by allowing a Florida Highway Patrol trooper to testify about the general behavior patterns of drug traffickers. Because the admission of this testimony cannot be characterized as harmless error, we reverse the conviction and remand the case for a new trial.
 

 Florida Highway Patrol Trooper Joseph Harrison stopped the defendant and subsequently found cocaine in a closed compartment within the rental car the defendant was driving. The car had been rented several weeks earlier to the defendant’s wife, Tameka Austin, who was not in the car at the time of the stop. The defendant argued that the state had failed to prove that he knew the cocaine was in the car. His fingerprints were not on the plastic bag in which the cocaine had been stored, and there was no evidence to indicate that he knew of the presence of the cocaine, other than the fact that it was found in the car.
 

 Trooper Harrison was not offered or accepted as an expert witness at trial yet he was allowed to give the jury his own assessment of the facts. He began by stating his opinion that the rental contract the defendant produced “was definitely unusual.” He went on to describe the situation as a “third-party rental,” meaning that the car was rented not to the driver of the vehicle but to someone else, who was not in the car at the time. The prosecutor asked the trooper whether, based on his training, he considered it significant that this was a third-party rental. Over defense counsel’s objection, the trooper was allowed to testify,
 

 Yeah. A lot of times it means a lot. Normally, um, it’s been my experience and training that what drug traffickers
 
 *1262
 
 will do is rent a vehicle in someone else’s name or someone else rent [sic] a vehicle for them. They will operate that vehicle, for several reasons, one, if they get stopped by the law enforcement and there’s narcotics or whatever then* [sic] transporting in the vehicle is located [sic], they can distance themselves from that, they can say, hey, I didn’t know nothing about it, it was just in the car, it ain’t my car, didn’t rent the car, don’t know nothing about it. Again, they are just distancing themselves from that. If they leave the vehicle or run or if it’s a situation where they can bail out on foot and run, there’s nothing in the vehicle to tie them back to that vehicle, you know, for successful prosecution.
 

 At that point, defense counsel asked to approach the bench and reiterated his previous objection:
 

 I don’t think this officer can testify about the habits and methods of operations of drug dealers, how they act in general and try to indicate that my client is acting in the same manner that the drug dealers do, so it’s highly prejudicial, it’s not relevant.
 

 The court ruled that the trooper had testified to the training and education he had received “and that these are factors they are taught to look for,” which “makes it a relevant area of inquiry.” Thus the court overruled the objection. Trooper Harrison then explained that not every third-party rental car has contraband inside of it but that the existence of a third-party rental is one indicator of illegal activity that he had been trained to look for.
 

 During closing argument, the prosecutor reminded the jurors of the testimony of Trooper Harrison about the practice of drug dealers using cars rented in someone else’s name to transport drugs and the fact that it had raised a red flag in his mind when he learned that the defendant was driving a third-party rental car. The prosecutor argued that using a third-party rental sounded “like a pretty good practice” and “a good idea if you are in the business of distributing or trafficking drugs,” because “if your name is not on any documentation in the vehicle when it is stopped, maybe, just maybe, you can create reasonable doubt.” The jury subsequently found the defendant guilty as charged of trafficking in cocaine.
 

 Testimony about the general behavior of certain kinds of offenders is inadmissible as substantive proof of a defendant’s guilt. Every defendant has the light to be tried on the evidence, not on the general characteristics or conduct of certain types of criminals.
 
 See Dean v. State,
 
 690 So.2d 720, 722 (Fla. 4th DCA 1997);
 
 Lowder v. State,
 
 589 So.2d 933, 935 (Fla. 3d DCA 1991). Florida courts have often applied this principle in drug cases. See,
 
 e.g., Hamilton v. State,
 
 734 So.2d 1130 (Fla. 1st DCA 1999);
 
 Dorsey v. State,
 
 639 So.2d 158 (Fla. 1st DCA 1994);
 
 White v. State,
 
 971 So.2d 972, 973 (Fla. 4th DCA 2008);
 
 Griffin v. State,
 
 872 So.2d 998 (Fla. 4th DCA 2004);
 
 Thomas v. State,
 
 673 So.2d 156 (Fla. 4th DCA 1996). Evidence that a defendant was present in a certain location or acted in a certain way may give rise to a suspicion but it is not admissible to prove that the defendant committed a drug offense.
 

 The danger of allowing evidence of general behavior patterns is that it invites the jury to convict the defendant by association, rather than on the evidence. The jury is asked to infer that, because the defendant’s behavior was similar to the behavior of criminal offenders the trooper had previously arrested or observed, the defendant must likewise be guilty. Here, Trooper Harrison’s explanation that drug traffickers often use third-party car rent
 
 *1263
 
 als plainly and impermissibly suggested to the jury that the defendant was a drug trafficker. An inference such as this is prejudicial and misleading.
 

 We also reject the state’s alternative argument that the admission of this testimony was harmless error. The theory of the defense was that the defendant’s wife had rented the car several weeks earlier and that the defendant did not know the drugs were in the car. Trooper Harrison’s testimony directly negated this defense. The state did not present any evidence that the defendant actually knew the drugs were in the rental car. In these circumstances, we are unable to say that the improper inference created by Trooper Harrison’s testimony and emphasized by the prosecutor in the closing argument was harmless error.
 

 For these reasons we conclude that the trial court erred in allowing testimony regarding the general behavior patterns of drug traffickers. Because we are unable to conclude beyond a reasonable doubt that the error was harmless, the defendant is entitled to a new trial.
 

 Reversed and remanded.
 

 DAVIS and LEWIS, JJ., concur.