ON REMAND FROM THE SUPREME COURT OF FLORIDA

PER CURIAM.
Gerald Petion sought review of our decision in Petion v. State, 4 So.3d 83 (Fla. 4th DCA 2009), asserting conflict with J.D. v. State, 553 So.2d 1317 (Fla. 3d DCA 1989). In Petion, we affirmed the defendant’s convictions for possession of cocaine with intent to sell and giving false information to a police officer. 4 So.3d at 87. Although we agreed with the defendant that the trial court erred in permitting an officer to testify that it is common for street-level narcotics dealers to hand out contact information to potential buyers, such as their initials and phone numbers on slips of paper similar to those found in the defendant’s vehicle, we concluded that any error was harmless because the trial court was presumed to have disregarded this inadmissible evidence and nothing in the record suggested that the trial judge relied upon this evidence. Id.
The Florida Supreme Court quashed our decision, holding that the presumption that the trial judge disregarded inadmissible evidence in a bench trial can be rebutted by the judge’s express and specific finding of admissibility on the record. Petion v. State, 48 So.3d 726 (Fla.2010). The Court further held that “[wjhen improper evidence is admitted over objection in this context, the trial court must make an express statement on the record that the erroneously admitted evidence did not contribute to the final determination. Otherwise, the appellate court cannot presume the trial court disregarded evidence that was specifically admitted as proper.” Id. The court remanded the case to us for further proceedings consistent with its opinion.
A review of the record shows that the trial court overruled the defendant’s objection to the officer’s testimony concerning the slips of paper, “[bjased on his training and experience.” The court’s comments and express ruling on the objection rebut the presumption that it disregarded this improper evidence in reaching its decision. Further, the court made no express statement that this improper evidence did not contribute to its final determination. Ac *1205 cordingly, we reverse and remand this case to the trial court for a new trial.

Reversed and Remanded For New Trial.

STEVENSON, TAYLOR and MAY, JJ., concur.