TORPY, C.J.,
concurring and concurring specially.
Although the majority determined that it is unnecessary to address an evidentiary issue raised by Appellant, I think the trial judge erred in allowing the officers to tes *202 tify regarding the reputation of the “Plenty of Fish” dating website. This evidence was not relevant. See Austin v. State, 44 So.3d 1260, 1262-63 (Fla. 1st DCA 2010) (error in drug trafficking case in allowing trooper’s testimony regarding “general behavior patterns” of drug dealers; defendant has right to be tried on evidence, not general characteristics or conduct of certain types of criminals); Dean v. State, 690 So.2d 720, 723 (Fla. 4th DCA 1997) (reversible error in drug trafficking case in allowing officer to testify regarding general behavior patterns of drug dealers because such evidence asks jury to infer defendant’s guilt based on characteristics or conduct of certain classes of criminals in general rather than evidence against him); see also Conley v. State, 620 So.2d 180, 183 (Fla.1993) (error in admitting testimony disclosing accusatory statement contained in police dispatch report where statement was not relevant to establish sequence of events and reason for officers’ arrival at crime scene was not material issue in case).