STONE, J.
We affirm Rich’s conviction and sentence for battery’ on a person over age 65, strong armed robbery, and burglary with a battery.
In our view, the state’s argument, that evidence establishing the voluntariness of Rich’s confession was uncontro-verted, was not an improper comment on Rich’s failure to testify, and the trial court did not err in so concluding.
At trial, the state introduced into evidence Rich’s taped confession made to Detective Mink. On cross-examination, defense counsel questioned Mink on the issue of voluntariness of the statement, specifically that the detective interrogated Rich for four hours, spoon-fed the facts of the other robberies to him, and coerced him to confess by threatening to arrest his girlfriend.
Mink admitted telling Rich of the possibility that his girlfriend could be arrested; however, he consistently , denied telling Rich that his girlfriend would not be arrested in order to obtain a confession.
Rich continued to challenge the volun-tariness of his confession ■ during closing, arguing that Mink had threatened to arrest Rich’s girlfriend. During its closing, the state responded to Rich’s attorney’s claim, that the confession was coerced, by arguing
The thing to look at and determine is whether he was promised anything in order to give this confession, whether he was threatened at all in order to give this confession and the uncontroverted testimony in evidence in this case is that he was not.
The state further argued regarding the possibility that the girlfriend may be arrested:
I asked Detective Mink, did you ever tell the Defendant — did you ever tell him *1096 that Nikki would not be arrested if you confessed? No. That’s uncontroverted.
We recognize that a prosecutor’s comment that evidence is “uncontroverted” may constitute reversible error where the comment may be fairly interpreted as referring to a defendant’s failure to testify. See Rodriguez v. State, 753 So.2d 29 (Fla. 2000)[1]. In Rodriguez, the court recognized the conflict between comment on the uncontradieted nature of evidence, referring to the lack of evidence on a particular issue, permitted in White v. State, 377 So.2d 1149 (Fla.1979), and reference to the uncontroverted nature of evidence where only the defendant possesses the information to contradict the government evidence, as described in State v. Marshall, 476 So.2d 150 (Fla.1985), the latter being impermissible as fairly susceptible to interpretation as comment on the defendant’s failure to testify. See Rodriguez, 753 So.2d at 38. Accordingly, the court receded from White to the extent of conflict with Marshall. See Rodriguez, 753 So.2d at 38.
The court, in Rodriguez, however, acknowledged an exception for an invited response arising out of the context in which the prosecutor’s statement is presented, see Barwick v. State, 660 So.2d 685 (Fla.1995), and distinguished its facts from those in Barwick, stating:
Likewise, in Barwick v. State, 660 So.2d 685, 694 (Fla.1995), we held that in the context presented, the prosecutor’s statement, “what fact, what testimony, what anything have you heard as a result of him going down to that police station would create a reasonable doubt in your mind,” was not a comment on the defendant’s failure to testify, but a direction for the jury to consider the evidence presented. In that case defense counsel had suggested that an impropriety had taken place when Barwick had made his taped confession, and the State’s argument was made to counter defense’s argument on that subject.
Rodriguez, 753 So.2d at 39; see also Dufour v. State, 495 So.2d 154 (Fla.1986).
Here, the prosecutor’s argument was an apparent reference to the failure of the defense attempt to impeach Detective Mink’s testimony and was a permissible response to defense counsel’s argument during closing. By continuing to argue that Mink threatened to arrest Rich’s girlfriend and that the confession was coerced, Rich left the state little choice but to argue as it did.
We, therefore, hold that the state’s argument falls within the exceptions recognized in Rodriguez. Furthermore, had the comment been improper, we deem any error harmless beyond a reasonable doubt. See generally State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Accordingly, Rich’s conviction and. sentence are affirmed.
FARMER and SHAHOOD, JJ., concur.

. Nothing in Rodriguez indicates rejection of the holding in State v. Kinchen, 490 So.2d 21, 22 (Fla.1985), that the "fairly susceptible” test uses the common dictionary definition of "fairly” as being "in a fair manner; justly; legitimately; plainly; clearly; distinctly.” Id.