771 So.2d 596 (2000)
Johnny MITCHELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-497.
District Court of Appeal of Florida, Third District.
November 15, 2000.
*597 Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Fredericka Sands, Assistant Attorney General, for appellee.
Before COPE, FLETCHER and RAMIREZ, JJ.
PER CURIAM.
Johnny Mitchell appeals his conviction for sale or delivery of cocaine. We affirm.
Defendant-appellant Mitchell argues that two of the prosecutor's comments during closing argument amounted to comments on the fact that the defendant did not testify at trial. We decline to address this part of the defendant's argument because no such objection was made in the trial court.[*]
The actual objections made by the defendant in the trial court were that two statements by the prosecutor amounted to shifting the burden of proof to the defendant. These objections were both properly overruled.
The defendant argued that he had been misidentified as the seller of the cocaine; that the testifying police officers knew that they had misidentified him; but that they were lying on the witness stand in order to cover up their misidentification. Defense counsel had told the jury in opening statement that various police officers would testify and that inconsistencies in their testimony would establish the truth of the defendant's position. These themes were reiterated by defense counsel in closing argument.
During the State's closing argument, the State asked, "where is the evidence in this case of crooked cops? You had many cops appear before you on the witness stand." Obviously this was a fair comment on the testimony of the police officers who testified, and a fair response to the defense position. The objection was properly overruled.
*598 Later, the State discussed the elements of possession of cocaine and, after arguing that the State had established that the substance was cocaine, the State said, "The evidence in this case is uncontroverted. There is no material conflict in the evidence." The defense objected that this was shifting the burden of proof to the defendant. It cannot reasonably be so construed in the circumstances of this case, nor does it run afoul of Rodriguez v. State, 753 So.2d 29, 38-39 (Fla.2000). See Rich v. State, 756 So.2d 1095, 1096 & n. 1 (Fla. 4th DCA 2000).
Furthermore, this is not a case in which the defense put on no case. The centerpiece of the defendant's defense came when the defendant displayed to the jury a large scar he had on his chest which, the defense contended, could not have gone unnoticed because defendant was wearing no shirt during the hand-to-hand drug transaction. The defense argued that the scar had not been mentioned as an identifying feature prior to the time that the defendant was arrested. This established, in the defense's view, that the defendant had been misidentified.
Under the circumstances, the objections were properly overruled. The objected-to remarks were fair comment and did not constitute impermissible arguments that shifted the burden of proof.
Affirmed.
NOTES
[*] In the circumstances of this case, we fail to see how the remarks the defendant refers to could reasonably be construed as a comment on silence in any event.