854 So.2d 228 (2003)
Rufus STANCLE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1455.
District Court of Appeal of Florida, Fourth District.
August 27, 2003.
Rehearing Denied October 7, 2003.
Carey Haughwout, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We affirm Stancle's conviction for possession of a firearm by a convicted felon and carrying a concealed weapon. Stancle asserts that the court erred in overruling his objection to the prosecutor's closing argument. He argues that the state implied that he had a burden of persuasion to prove his innocence.
The state's primary witness, Officer Kelley, testified that he pulled up behind Stancle and another man walking in a residential neighborhood around 3:30 in the morning. The men turned and looked at the officer before Stancle walked around the side of a building. The officer followed Stancle and saw him reach his hand in the area of his waistband, pull out a dark object, drop it on the ground, and walk away. Officer Kelley then asked him to come to the police car and, after a back-up deputy arrived, walked over to the place where he saw Stancle drop the object. Kelley did not have to look around for it; he simply walked directly to where it was dropped and picked up a gun.
Stancle, who admitted to three prior felony convictions, testified to a very different account of the events. He denied he was with another man and said he was not walking away from the officer but toward another friend who had called him. He denied ever walking near the building from where the gun was retrieved. He said that Officer Kelley told him that if anything was found near the building, it belonged to him and that Officer Kelley left Stancle standing at the car, alone, while he searched the area, but the officer returned *229 when the back-up officer arrived. Officer Kelley then searched the area a second time and returned with a gun. A defense witness, Cassandra Johnson, corroborated Stancle's version of the events. A portion of her testimony, however, was impeached by inconsistent statements in her deposition.
The state's case, and the closing argument, rested on the credibility of Officer Kelley. In the state's rebuttal argument, the prosecutor made the following argument, which is the sole basis for the issue on appeal:
Use your common sense. What was that gun doing there if it wasn't dropped by Rufus Stancle? Just laying out there for [the] next guy to come around, pick it up? What was it doing there? Is there any evidence to tell you anything other than it was there because Rufus Stancle dropped it?
The prosecutor's comment was in response to Stancle's testimony and the defense argument that:
The prosecutor will not be able to show you any physical evidence that Rufus Stancle actually handheld this gun, that he possessed it. His fingerprints are not going to be on that gun, ladies and gentlemen.... The only person who prosecutor will be able to put on the stand to say that Rufus Stancle dropped a gun, that Rufus Stancle made the statements, is one police officer, Officer Kelley. You will have the opportunity to judge his credibility. You will have the opportunity to tell if he is telling you the truth. Don't forget throughout entire trial that burden lies entirely with the prosecutor. Entirely with Mr. Grosz. And he has to prove it to you beyond every reasonable doubt.
Defense counsel also asserted that Officer Kelley's testimony was unreasonable, laughable, absurd, and directed the jury to use their common sense.
Clearly, it would be error for the state to comment on a defendant's failure to produce evidence. Whittaker v. State, 770 So.2d 737, 739 (Fla. 4th DCA 2000).
We have considered Shelton v. State, 654 So.2d 1295 (Fla. 4th DCA 1995), and deem it distinguishable. There, the defendant was convicted of selling cocaine. An undercover police officer testified that he bought a rock of cocaine from the defendant with a marked $20 bill. A search of the appellant only a minute after the sale did not turn up any drugs or the $20 bill. See id. at 1296. The defendant did not present any evidence at trial. See id. During closing argument, the prosecutor stated, "is there anything showing that [the defendant] didn't make that sale?" Id. This court reversed the defendant's conviction, agreeing with the defendant that the prosecutor's statement was improper because "it could have misled the jury on the burden of proof." Id. at 1297.
Here, we deem the prosecutor's response as a permissible comment on the evidence and a fair reply to the defense implication that Officer Kelley planted the gun. See Mitchell v. State, 771 So.2d 596, 597 (Fla. 3d DCA 2000).
A prosecutor's argument should be examined in the context in which it is made. McArthur v. State, 801 So.2d 1037, 1040 (Fla. 5th DCA 2001); Nelson v. State, 416 So.2d 899, 900 (Fla. 2d DCA 1982). This is particularly so where invited by the nature of the defense. See State v. Sheperd, 479 So.2d 106, 107 (Fla.1985); Austin v. State, 700 So.2d 1233, 1234 (Fla. 4th DCA 1997); Whitfield v. State, 479 So.2d 208, 216 (Fla. 4th DCA 1985).
The trial court did not abuse its discretion in recognizing the prosecutor's statement as a "common sense" argument in response to Stancle's and his witness' testimony *230 challenging the testimony of the officer. The state fairly interpreted the defense as implying that the officer had planted the gun and, in response, the prosecutor was asking the jury to look at the facts, arguing that the evidence did not support such a conclusion. In the context of the entirety of the arguments, we do not read into the comment the suggestion that Stancle had a burden to prove his innocence. Rather, the prosecutor's argument was simply pointing out that it was not reasonable to believe that a gun just happened to be lying on the ground in the same place that the officer saw Stancle drop the object.
Therefore, the judgment and sentence are affirmed.
MAY, J., concurs.
WARNER, J., dissents with opinion.
WARNER, J., dissenting.
I dissent, as I do not think the comment was a "fair comment on the testimony" or a "fair response to the defense position." Mitchell, 771 So.2d at 597. The defense never suggested directly or by implication that someone else left the gun by the building. Officer Kelley's power of observation was challenged, but the defense did not ever allege that he had planted the gun. By asking what evidence existed as to how the gun got there, the state's comment could mislead the jury as to which party had the burden of proof to produce such evidence. In Whittaker, we held "[i]t is error for the state to comment on the defendant's failure to produce evidence to refute an element of the crime." 770 So.2d at 739 (citing Jackson v. State, 575 So.2d 181 (Fla.1991)). Doing so "misleads the jury into thinking that the defendant bears the burden of proving his innocence." Id. I think the state's comment constituted a similar error.
This was a close case with diametrically opposing testimony. During deliberations the jury asked many questions and deadlocked on the charge of carrying a concealed weapon. Thus, suggesting to the jury that there was some duty to bring forth evidence that someone else put the gun behind the building could have influenced it to decide against appellant because he did not produce such evidence. I cannot conclude that the error was harmless. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986).