STRINGER, Judge.
David Thurman seeks review of the trial court’s order denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reject Thurman’s contention that the trial court erred in summarily denying ground eight of the motion, but agree that the court erred in summarily denying ground three. Accordingly, we affirm in part and reverse in part.
Thurman was convicted of grand theft of an air conditioner and fleeing or attempting to elude a police officer. In ground three of his motion for postconviction relief, Thurman alleged that trial counsel was ineffective for failing to adequately investigate his defense and to depose the previous owner of the air conditioner. Thurman claimed that the air conditioner did not have a market value of $300 as required to support a conviction for grand theft pursuant to section 812.014, Florida Statutes (2000). According to Thurman, if counsel had deposed the previous homeowner he would have established that the unit was eighteen years old. Thurman alleged that counsel could also have determined the unit’s age by checking the serial number with the manufacturer. According to Thurman’s calculations, an eighteen-year-old unit had a fair market value of $250. Thurman also attached a letter from Air America Air Conditioning Corporation stating that the estimated cost of a two-ton unit that was manufactured in 1982 with 24,000 BTUs would be $250.
The trial court summarily denied Thurman’s claim, noting that the current homeowners had testified that the air conditioner was valued at over $300 and the State’s Exhibit G had valued the unit at $800. The court concluded that Thurman “has failed to show how deposing the previous homeowner would have changed the outcome of the trial.” However, the thrust of Thurman’s claim was not that the evidence was insufficient to establish the value of the air conditioner, but that trial counsel was ineffective for failing to present evidence that contradicted the State’s evidence regarding its value. Thus, Thurman has stated a facially sufficient claim that is not refuted by the record. Accordingly, we reverse and remand for an evidentiary hearing on ground three. The remainder of the order is affirmed.
NORTHCUTT, J., and DANAHY, PAUL W., Senior Judge, concur.