917 So.2d 911 (2005)
Rufus STANCLE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-2411.
District Court of Appeal of Florida, Fourth District.
December 7, 2005.
Rehearing Denied January 31, 2006.
*912 Rufus Stancle, Miami, pro se.
No appearance required for appellee.
HAZOURI, J.
Rufus Stancle appeals the summary denial of his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 based on several claims of ineffective assistance of trial counsel. We affirm the denial as to all claims of ineffective assistance of counsel except Stancle's claim alleging that trial counsel's performance was deficient for failing to file a motion to suppress Stancle's statement made to the police after being given defective Miranda[1] warnings.
In his motion for post-conviction relief, Stancle argues that his trial attorney was ineffective for failing to file a motion to suppress his confession based on the defectiveness of the Miranda warnings given to him during custodial interrogation by the arresting officer, Kenneth Kelley. Stancle's sworn 3.850 motion did not include copies of the actual warnings given to him, but instead alleged that the warnings given did not include the requisite statement that Stancle had a right to have an attorney present during questioning. This court has held that an accused must be informed of his right to have counsel present during, as well as prior to, questioning in order to fully inform a person of his or her constitutional rights. See Roberts v. State, 874 So.2d 1225, 1227 (Fla. 4th DCA 2004), rev. denied sub nom., State v. West, 892 So.2d 1014 (Fla.2005); Ramirez v. State, 739 So.2d 568, 573 (Fla.1999), cert. denied, 528 U.S. 1131, 120 S.Ct. 970, 145 L.Ed.2d 841 (2000).
When no evidentiary hearing is held, a movant's allegations are accepted as true unless they are conclusively refuted by the record. See Tompkins v. State, 872 So.2d 230, 238 (Fla.2003); Valle v. State, 705 So.2d 1331, 1333 (Fla.1997). In a motion for post-conviction relief, a defendant is entitled to an evidentiary hearing unless (1) the files, motion, and records in the case conclusively show that the defendant *913 is entitled to no relief, or (2) the motion or particular claim is legally insufficient. See Freeman v. State, 761 So.2d 1055, 1061 (Fla.2000), cert. denied, 541 U.S. 1010, 124 S.Ct. 2069, 158 L.Ed.2d 620 (2004).
Stancle was charged in count I with possession of a firearm by a convicted felon and in count II with carrying a concealed weapon. After a jury trial, Stancle was convicted of both counts and sentenced to fifteen years imprisonment as a habitual felony offender for count I and ten years imprisonment as a habitual felony offender for count II to run concurrently with count I. Count I also included a three-year minimum mandatory term under the 10/20/Life statute. This court affirmed Stancle's conviction and sentence on direct appeal. See Stancle v. State, 854 So.2d 228 (Fla. 4th DCA 2003).
Officer Kelley testified that he watched Stancle walk around a building, take a dark object from his waistband area, drop it to the ground, and then walk back onto the street. This incident occurred at approximately 3 a.m. At the time that Kelley witnessed Stancle drop the dark object, Stancle was approximately 30 to 50 feet away with his back turned to Kelley. Kelley had a flood light pointed towards Stancle at the time the dark object was dropped. When Kelley searched the area, he found a .38 caliber handgun. There were no fingerprints on the handgun which were attributable to Stancle.
After Officer Kelley read Stancle the allegedly defective Miranda warnings, Stancle confessed to being in possession of the firearm for his own protection.
To demonstrate ineffective assistance of counsel, a defendant must show that the counsel's performance was both deficient and prejudicial. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel's performance is described as deficient if it falls below an objective standard of reasonableness considering all the circumstances. Id. at 689, 104 S.Ct. 2052. The appropriate test for prejudice is that there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceedings would have been different. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. 2052.
We therefore find the claim raised by Stancle to be legally sufficient for a motion for post-conviction relief, reverse the summary denial and remand this case to the trial court for attachment of the portions of the record refuting Stancle's claim that defense counsel was ineffective for failing to raise the issue of the adequacy of the Miranda warnings in a motion to suppress Stancle's confession, or to hold an evidentiary hearing to determine Stancle's claim.
Reversed and remanded with directions consistent with this opinion.
STEVENSON, C.J., and SHAHOOD, J., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).