PER CURIAM.'
Stephen S. Bronder appeals the order summarily denying his rule 3.850 motion for post-conviction relief, alleging his trial counsel was ineffective in failing to raise, in the motion to suppress his statement to the police, that the Miranda[1] rights warning which he was read was defective. He claimed no other inculpatory evidence was adduced at trial against him, and thus, the result of the trial would have been different had his statement been suppressed. He alleged that the version of the rights he was given was the same as the one held defective in President v. State, 884 So.2d 126 (Fla. 4th DCA 2004), rev. denied sub nom. State v. West, 892 So.2d 1014 (Fla. 2005),[2] and he attached to his motion, as an example, the Miranda rights waiver form which was signed by his co-defendant.[3]
As we have held before,[4] this claim was legally sufficient. Accordingly, we reverse and remand either for the attachment of portions of the record conclusively refuting the claim or for an evidentiary hearing.

Reversed and Remanded.

POLEN, SHAHOOD and TAYLOR, JJ„ concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. See also Roberts v. State, 874 So.2d 1225, 1229 (Fla. 4th DCA 2004), rev. denied sub nom. State v. West, 892 So.2d 1014 (Fla. 2005).

. He explained in his motion for rehearing that he was not asked to sign a form, but he was read his rights from a card that contained the same language, which did not properly advise him of the right to have counsel present during interrogation. According to his unsworn reply to this court, his co-defendant signed that form on the same day Defendant’s rights were read to him.

.Martelus v. State, 924 So.2d 881 (Fla. 4th DCA 2006); Coney v. State, 31 Fla. L. Weekly D591, 2006 WL 398431,-So.2d-(Fla. 4th DCA Feb.22, 2006); Stancle v. State, 917 So.2d 911 (Fla. 4th DCA 2005).