PER CURIAM.
We withdraw our previous opinion issued June 28, 2006 and substitute the following opinion in its place. This Court’s mandate issued July 14, 2006 is recalled.
Appellant alleges his counsel was ineffective for advising appellant to waive his motion to suppress and plead guilty “because the trial judge was going to deny [the motion] and that would foreclose the state plea offer.” This advice was in spite of the fact that appellant’s confession — the only evidence in the case — was made to police after being given defective Miranda warnings. If not for such advice, appellant contends he would never have waived the motion to suppress or accepted the plea. This claim was facially sufficient. See, e.g., Stancle v. State, 917 So.2d 911 (Fla. 4th DCA 2005). The state therefore properly concedes that the order denying post-conviction relief should be reversed and remanded either for the attachment of portions of the record conclusively refuting this claim or for an evidentiary hearing.

Reversed and Remanded.

STEVENSON, C.J., GUNTHER and MAY, JJ., concur.