946 So.2d 1194 (2006)
Franklin MONFISTON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-380.
District Court of Appeal of Florida, Fourth District.
December 27, 2006.
Franklin Monfiston, Belle Glade, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
Monfiston seeks post-conviction relief under rule 3.850 based on his counsel's failure to assert a claim that Miranda[1] warnings were insufficient for the reason we addressed in Roberts v. State, 874 So.2d 1225 (Fla. 4th DCA 2004). It appears from the officer's testimony in this case that Miranda warnings were read from the same sheriff's card that we found wanting in Roberts.
This court has previously recognized that such a claim may be raised under rule 3.850. E.g., Stancle v. State, 917 So.2d 911 (Fla. 4th DCA 2005). As in Stancle, we *1195 find Monfiston's claim of ineffective assistance of counsel to be sufficient.
The state, in its brief, has proffered the portion of the record that would have been attached to the summary order from the record. We deem the generalized objections raised by counsel in that record to be insufficient to support a summary disposition.
We have considered, and reject, the state's argument that Monfiston has waived the right to assert the Roberts issue by taking the position, regarding the motion to suppress, that no Miranda warnings were read at all.
Therefore, we reverse the trial court's summary denial and remand for an evidentiary hearing.
GUNTHER, STONE and SHAHOOD, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).