964 So.2d 183 (2007)
John McGILL, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4238.
District Court of Appeal of Florida, Fourth District.
August 15, 2007.
Rehearing Denied October 11, 2007.
*184 Robert I. Barrar of the Law Offices of Ellis Rubin, Miami, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
John McGill appeals the summary denial of his Rule 3.850 motion for postconviction relief. His motion alleged that trial counsel rendered ineffective assistance of counsel by failing to seek suppression of statements he made to police after receiving Miranda warnings like those deemed defective in Roberts v. State, 874 So.2d 1225 (Fla. 4th DCA 2004), review denied sub nom. State v. West, 892 So.2d 1014 (Fla. 2005).
Appellant was convicted of sexual battery, false imprisonment, and simple battery. At trial, the state introduced appellant's statement to police that he had not had sex with the victim to attack appellant's defense of consensual sex. Defense counsel did not attempt to suppress appellant's statements based on inadequate Miranda warnings. The warnings he received, however, were indistinguishable from those found deficient in Roberts. Further, the record does not show that appellant received warnings that contained the functional equivalent of required Miranda warnings, as were given in Canete v. State, 921 So.2d 687 (Fla. 4th DCA) (en banc), review denied, 944 So.2d 986 (Fla. 2006).
We have previously held that this is a legally cognizable claim under Rule 3.850, requiring the attachment of portions of the record conclusively refuting the claim or an evidentiary hearing. See Monfiston v. State, 946 So.2d 1194 (Fla. 4th DCA 2006); Bronder v. State, 929 So.2d 615, 616 (Fla. 4th DCA 2006); Anthony v. State, 927 So.2d 1084, 1086 (Fla. 4th DCA 2006).
We roundly reject the state's argument that appellant has demonstrated no prejudice by trial counsel's failure to seek suppression of the statements because the *185 statements were exculpatory. Statements obtained in violation of Miranda are inadmissible, regardless of whether they are inculpatory or exculpatory. Davis v. State, 698 So.2d 1182, 1188 (Fla.1997). Further, prejudice can be shown here, because appellant's statements that no sexual acts occurred were in direct conflict with his defense at trial that he and the victim engaged in consensual sex. During closing argument, the state repeatedly referred to appellant's statements in pointing out these inconsistencies and urging the jury to find him guilty.
We reverse the trial court's summary denial and remand for an attachment of portions of the record conclusively refuting appellant's claim or for an evidentiary hearing.
Reversed and Remanded.
KLEIN and HAZOURI, JJ., concur.