972 So.2d 224 (2007)
William Scott BARTLETT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-3074.
District Court of Appeal of Florida, Fourth District.
December 12, 2007.
*225 Fred Haddad of Fred Haddad, P.A., Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Katherine Y. McIntire, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The appellant sought postconviction relief, pursuant to rule 3.850. Therein, the appellant raised two grounds for relief. We affirm the summary denial, without comment, as to ground one. However, we reverse on ground two, related to the suppression issues, and remand for a limited evidentiary hearing or attachment of record evidence that conclusively refutes the allegation of error.
The State charged Bartlett with felony cruelty to animals, in violation of section 828.12(2), Florida Statutes. In summary, officers responded to a location and saw Bartlett standing over an injured animal, holding a loaded BB gun. The animal had "countless amounts of pellets or BB's" embedded within its body and the officers heard several "popping" noises prior to seeing Bartlett standing over the animal. Bartlett gave a statement to police claiming he was defending himself from the animal in the wake of the hurricanes. Thereafter, Bartlett began "name-dropping" in an effort to be relieved of the charges. At trial, a police officer testified as to the content of the statement.
In his motion for postconviction relief, Bartlett claims his trial attorney provided ineffective assistance by failing to move to suppress this statement. Bartlett claims he was never properly warned of his right to assistance of counsel during the interrogation. Bartlett also claims that he would never have testified, consistent with his statement to police, had the attorney successfully moved to suppress that statement. Bartlett relies upon Roberts v. State, 874 So.2d 1225 (Fla. 4th DCA 2004), and related cases which allow for suppression where the defendant is not warned of his right to assistance of counsel during an interrogation.
During the trial, the interrogating officer began to describe the warnings given to Bartlett prior to his statement, but the officer did not testify whether Bartlett was informed of his right to have an attorney present during the interrogation. It appears the officer did not complete his testimony concerning the full warnings provided to Bartlett, as the prosecutor moved on to other topics before the full pre-printed card was read. As such, the claim that Bartlett was not properly warned of his right to an attorney during the interrogation was not conclusively refuted by the record before the trial court.
The State's contention that the attorney's failure to move to suppress the statement did not prejudice Bartlett is unconvincing. The State points to the argument that Bartlett testified, at trial, consistent with his statement to police, thus there is no prejudice. This misses the point of the allegation of error, as Bartlett alleges he would never have testified had the statement been suppressed. Further, the State's argument fails to understand the prejudicial impact of the "name-dropping" Bartlett engaged in, in an effort to make the charge go away. See generally McGill v. State, 964 So.2d 183 (Fla. 4th DCA 2007) (granting postconviction relief where an attorney failed to move to suppress "exculpatory" statements, given in violation of *226 Miranda, where the prejudice went to the credibility of the defendant's current line of defense).
We reverse, in part, the summary denial of this motion as the record does not conclusively refute the legally sufficient ground for relief. We remand for a limited evidentiary hearing as to the Roberts-issue or the attachment of records which conclusively refute the allegations.
Affirm, in part, reverse, in part, and remand.
WARNER, STEVENSON and MAY, JJ., concur.