980 So.2d 619 (2008)
Rufus STANCLE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-2346.
District Court of Appeal of Florida, Fourth District.
May 7, 2008.
*620 Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Rufus Stancle appeals the trial court's denial, following an evidentiary hearing, of his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 wherein he made a claim of ineffective assistance of counsel. We affirm.
Stancle was convicted of possession of a firearm by a convicted felon (Count I) and carrying a concealed weapon (Count II). He was sentenced to fifteen years in prison with a three-year minimum mandatory sentence on Count I as a habitual felony offender and to a concurrent ten-year sentence on Count II as a habitual felony offender. The convictions and sentences were affirmed by this court on direct appeal. Stancle v. State, 854 So.2d 228 (Fla. 4th DCA 2003).
Stancle filed a motion for post-conviction relief pursuant to Florida Rule of Appellate Procedure 3.850, asserting, inter alia, that his trial counsel was ineffective for failing to file a motion to suppress his confession based on defective Miranda[1] warnings. Stancle alleged that the warnings he received were defective because they did not advise him specifically that he had the right to have an attorney present during questioning. The trial court summarily denied the motion and Stancle appealed that denial to this court. Stancle v. State, 917 So.2d 911 (Fla. 4th DCA 2005). Relying on Roberts v. State, 874 So.2d 1225 (Fla. 4th DCA 2004), this court ruled that the defective Miranda warnings claim was legally sufficient, reversed the summary denial of the motion as to this claim, and remanded this case to the trial court either for attachment of portions of the record refuting Stancle's claim or for the holding of an evidentiary hearing.
As the trial court noted, any argument regarding the ineffectiveness of counsel must be measured by the dictates of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052.
In Morris v. State, 931 So.2d 821 (Fla.2006), addressing a claim of ineffective assistance of counsel, the Florida Supreme Court stated:
In order to establish a claim of ineffective assistance of counsel, a defendant must meet two requirements:

*621 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish the first prong under Strickland, the defendant must demonstrate that "counsel's representation fell below an objective standard of reasonableness" under "prevailing professional norms." Id. at 688, 104 S.Ct. 2052. To establish the second prong under Strickland, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. 2052. When reviewing a trial court's ruling after an evidentiary hearing on an ineffective assistance claim, this Court gives deference to the trial court's factual findings to the extent they are supported by competent, substantial evidence, but reviews de novo the trial court's determinations of deficiency and prejudice, which are mixed questions of fact and law. See Arbelaez v. State, 898 So.2d 25, 32 (Fla.2005).
Morris, 931 So.2d at 828. Hence, if the defendant fails to satisfy either prong, the ineffectiveness claim fails.
In the instant case, the trial court found that Stancle's claim of ineffective assistance of counsel should be denied because he failed to satisfy both prongs of Strickland.
We decline to address the trial court's determination that Stancle failed to satisfy the first prong of Strickland, because we conclude that the trial court was correct in finding there was a lack of proof on the part of Stancle that his counsel's failure to suppress his inculpatory statement resulted in prejudice, i.e., that his counsel's errors were so serious as to deprive the defendant of a fair trial. As the Supreme Court explained in Strickland:
there is no reason for a court deciding an ineffective assistance claim . . . even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.
Strickland v. Washington, 466 U.S. at 697, 104 S.Ct. 2052.
The inculpatory statement that Stancle's counsel failed to suppress acknowledged Stancle's possession of the firearm. However the evidence from the *622 arresting officer, Officer Kenneth Kelley, clearly shows that Stancle's conviction was not dependent upon his inculpatory statement. Officer Kelley testified that he was driving a marked police car when he saw Stancle walking with another man. When his headlights hit the men, they turned their heads in Officer Kelley's direction. At that point, Stancle made a quick right turn and started walking between two buildings while the other man turned around and started walking in another direction. Kelley pulled his car parallel to Stancle on the street and turned his alley lights on. Once Kelley pulled up by Stancle, Stancle turned the corner, stopped, removed an object from his waistband, and threw it to the ground. He then started walking back in the direction away from Officer Kelley.
Officer Kelley then asked Stancle to step over to his car. After a backup officer responded, Officer Kelley walked over and retrieved the object Stancle threw on the ground, which turned out to be a firearm. He retrieved the firearm within a matter of minutes and testified that he had maintained visual observation of the spot where the object was until he could pick it up.
Based upon the testimony of Officer Kelley, Stancle cannot establish a reasonable probability that the result of the proceeding would have been different, but for counsel's failure to suppress the inculpatory statement. Therefore, Stancle cannot satisfy the second prong of Strickland.
Affirmed.
SHAHOOD, C.J. and DAMOORGIAN, J., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).