*59
 
 PALMER, J.
 

 Diego Perea (defendant) appeals his judgments and sentences. We affirm as to all counts except Count III, which requires remand for the entry of a corrected judgment and resentencing.
 

 The defendant was charged with committing the offenses of sexual battery (Count I), lewd or lascivious exhibition (Count II), lewd or lascivious molestation (Count III), showing obscene material to a minor (Count IV), and lewd or lascivious conduct (Count V). The information alleged that the crimes occurred between February, 2004, and August, 2006.
 

 The matter proceeded to trial before a jury. The jury found the defendant guilty as charged. The trial court entered judgments in accordance with the jury’s verdicts and sentenced the defendant to a term of life imprisonment on Count I, 15 years’ imprisonment on Count II, 25 years’ imprisonment (with a minimum mandatory of 25 years) on Count III, 5 years’ imprisonment on Count IV, and 15 years’ imprisonment on Count V. This appeal timely followed.
 

 The defendant first argues that he is entitled to receive a new trial because the trial court erred in overruling his objection to comments made during the prosecutor’s closing argument. We disagree.
 

 Defense counsel’s closing argument focused on the theory that the entire case “boils down to the credibility” of the victim. Counsel noted that initially the victim “said it never happened” at least three times.' Counsel then queried: ‘Well, why would a child make up such crazy things about something so important?” Defense counsel further highlighted the fact that the victim’s mother testified that the victim had once falsely accused the mother of physically abusing her.
 

 On rebuttal, the prosecutor responded to defense counsel’s attacks on the victim’s credibility, arguing:
 

 [Defense counsel] has given you lots of things to speculate about on how perhaps [the victim] came up with these stories, as she calls them. Well, if she was coming up with stories, first of all, why was she coming up with stories? There has been no evidence presented about any reasons why [the victim] made this up, none. There is no indications about family problems.
 

 Defense counsel objected to this argument by stating: “Objection, improper shifting of the burden.” The trial court overruled the objection.
 

 The defendant maintains that the trial court reversibly erred in overruling defense counsel’s objection because the prosecutor’s comments improperly invited the jury to shift the burden of proof to the defendant based on the defendant’s failure to present evidence demonstrating the victim’s reasons for offering false testimony. We disagree.
 

 The prosecutor’s comments did not improperly shift any burden of proof to the defendant. The comments did not imply to the jury that the defendant had to prove anything in order to establish his innocence, nor did the comments tell the jury that the defendant had a burden to prove anything. Instead, the prosecutor made a permissible comment that the evidence at trial (as submitted by the State) did not suggest that the victim had any reason to lie. Such comment was a reasonable response to defense counsel’s comments indicating that the victim had lied when she testified about the defendant’s crimes.
 
 See Stancle v. State,
 
 854 So.2d 228 (Fla. 4th DCA 2003)(holding that prosecutor’s statement during closing argument, in prosecution for possession of a firearm by a convicted felon and carrying a concealed
 
 *60
 
 weapon, to effect that no evidence indicated that gun had been where it was found for any other reason than because defendant had dropped it there and that common sense indicated that defendant had dropped it there, was permissible comment on evidence and fair reply to defense implication that police officer planted gun, and did not improperly shift burden of proof to defendant).
 

 The defendant next argues that the trial court erred in sentencing him on Count III, the lewd molestation charge, to a 25-year mandatory minimum pursuant to the Jessica Lunsford Act. The State concedes error on this point.
 

 The parties agree that the Jessica Luns-ford Act became effective on September 1, 2005. The State explains that, prior to the enactment of said statute, the crime of lewd molestation was a first degree felony; however, once the statute was enacted the crime of lewd molestation became a life felony subject to a penalty of life imprisonment or a term of not less than 25 years’ imprisonment followed by life probation.
 
 See
 
 § 800.04(5)(b), Fla. Stat. (2005). The State concedes that, on Count III, the defendant was charged and found guilty of committing the crime of lewd molestation occurring between February 1, 2004, and August 25, 2006. The State further concedes that, under Florida law, where the charged dates of an offense straddle the date when a sentencing statute becomes effective, the defendant is entitled to be sentenced under the more lenient of the two sentencing statutes.
 
 See Cairl v. State,
 
 833 So.2d 312 (Fla. 2d DCA
 
 200S)(en banc
 
 )(holding that a defendant should be sentenced under the more lenient version of the sentencing guidelines when sentencing laws change during a period in which a defendant is alleged to have committed an offense). The parties agree that, as such, the trial court erred in adjudicating the defendant under the Jessica Lunsford Act, and that the defendant is entitled to have the judgment corrected on Count III to reflect an adjudication for a first-degree felony and to be resentenced on that charge accordingly.
 

 We affirm the defendant’s judgments and sentences on all counts except Count III. As to Count III, the judgment must be corrected to reflect the conviction of a first degree felony and the trial court must resentence the defendant on that conviction.
 

 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 GRIFFIN and JACOBUS, JJ., concur.