PER CURIAM.
 

 The appellant challenges the denial of his motion for posteonviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the summary denial of grounds one and three of the appellant’s motion. However, we reverse and remand the denial of ground two for the trial court to attach records conclusively refuting the appellant’s allegations or to conduct an evidentiary hearing.
 

 Following a trial, the appellant was convicted of second-degree grand theft (property valued at $20,000 or more, but less than $100,000) and sentenced to ten years’ imprisonment to be followed by five years on probation. In ground two of his post-conviction motion, the appellant asserts that counsel was ineffective for failing to introduce evidence that the value of the stolen property, a John Deere “front end loader,” was less than $20,000 at the time of the taking. The appellant alleged that a John Deere representative set the value at no more than $16,250 at the time of the taking. Because this Court must treat all unrefuted allegations as true,
 
 see Stancle v. State,
 
 917 So.2d 911 (Fla. 4th DCA 2005) (“When no evidentiary hearing is held [on a motion for postconviction relief,] a mov-ant’s allegations are accepted as true unless they are conclusively refuted by the record”), the appellant has alleged a facially sufficient claim for relief which is not refuted by the record.
 
 See Thurman v. State,
 
 892 So.2d 1085 (Fla. 2d DCA 2004).
 

 Accordingly, we AFFIRM the summary denial of grounds one and three of the appellant’s motion, but REVERSE and REMAND the denial of ground two for the court to attach portions of the record conclusively refuting the appellant’s allegations or to hold an evidentiary hearing.
 

 DAVIS, VAN NORTWICK, and CLARK, JJ., concur.