[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12283
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-60231-RNS


FRANKLIN MONFISTON,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 17, 2014)

Before HULL, MARCUS, and FAY, Circuit Judges.

PER CURIAM:

Franklin Monfiston, a state prisoner proceeding pro se, appeals the district

judge's denial of his habeas petition under 28 U.S.C. § 2254.  We affirm.

## I. BACKGROUND

A. State Court Conviction and Direct Appeal

In August 2002, Monfiston was charged with being a felon in possession of a firearm (Count 1), carrying a concealed firearm (Count 2), and reckless driving (Count 3). At trial, Broward County Sheriff's Office Detectives Christopher Wirth and Christopher Hickox testified that, on July 16, 2002, they were on patrol in a white, unmarked car when they observed Monfiston driving behind them, going approximately 20 to 25 miles per hour faster than the detectives' car. Monfiston passed the detectives' car. Monfiston's car moved between lanes of traffic, cut off several cars, and one vehicle had to swerve to avoid a collision.

The detectives activated their emergency lights and followed Monfiston into a parking lot. Monfiston slowly drove almost a complete lap in the lot before stopping. While Monfiston was driving around the lot, Detective Wirth saw him "reach[ ] down into the center console, manipulat[e] something or put[ ] something in between the seats." R at 1233. After Monfiston stopped the car, the detectives ordered him to exit; Monfiston initially did not comply. He eventually exited his car, and Detective Hickox placed him in handcuffs. Detective Wirth found a loaded handgun under a t-shirt in the center console. After Detective Hickox read his *Miranda*[1] rights, Monfiston told the detectives he had bought the gun from a

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966).

"crack addict." R at 1246. He said he was carrying the gun for protection "because he had a beef with some people recently." R at 1246.

Monfiston's defense was that he did not know the gun was in the car. He testified that, on the day of his arrest, he was picked up by his brother, Clovis Monfiston, because Monfiston's car was in the shop. Intending to buy some toiletries for his girlfriend and then go home, Monfiston borrowed his brother's car. He did not check the contents of the car, when he took it. The car had a manual transmission; the gear shift was in front of a storage compartment between the front seats. Monfiston acknowledged changing lanes and going around the detectives because they were driving too slowly, but he denied driving 70 miles per hour. He saw the flashing lights behind him but did not think he had done anything wrong. Although he drove away, when the detectives put a spotlight on him, he stopped. Monfiston denied going into the middle compartment of the vehicle. He testified he had advised the detectives he was a convicted felon, and he would not be "running around" with a gun. R at 1366. He denied telling the detectives he had bought the gun from a "crackhead." R at 1367. Monfiston also denied being read his *Miranda* rights and maintained he did not see a t-shirt over the center console. He recalled speaking to his brother about the charge, and his brother confirmed the firearm belonged to him.

3

After a jury trial, Monfiston was found guilty on Counts 1 and 2 and acquitted of the reckless driving offense in Count 3. He was sentenced as a habitual-felony offender to a term of 30 years of imprisonment on Count 1 and concurrent 10 years of imprisonment on Count 2. Monfiston appealed and raised two claims of trial error. Florida's Fourth District Court of Appeal ("Fourth DCA") affirmed. *Monfiston v. State*, 886 So. 2d 238 (Fla. Dist. Ct. App. 2004) (per curiam).

B. State Post-Conviction Proceedings

In March 2005, Monfiston filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief in state court. He raised multiple claims, including ineffective assistance of counsel. Monfiston asserted his counsel was ineffective because he failed to investigate, depose, and call his brother, Clovis Monfiston, as a witness. As an attachment to his motion, Monfiston submitted an affidavit by his brother, in which his brother stated Monfiston had borrowed his car on the day in question, but he had forgotten to remove his handgun. His affidavit also stated he "was unable to testify on [Monfiston's] behalf for other matters." R at 568. The state post-conviction judge denied the Rule 3.850 motion, because the failure to call a witness who was unavailable to testify could not prejudice the outcome of a defendant's trial. The Fourth DCA initially affirmed. Monfiston filed a motion for rehearing and attached a second affidavit by his brother. In his

4

affidavit, his brother stated, at the time of Monfiston's trial, he was incarcerated in Broward County Jail, was available to testify, and would have testified had he been subpoenaed. On rehearing, the Fourth DCA reversed the post-conviction judge's summary denial and remanded for an evidentiary hearing on the ground that Monfiston had stated a sufficient claim that his counsel rendered ineffective assistance by failing to argue the detectives' *Miranda* warnings were deficient. *Monfiston v. State*, 946 So. 2d 1194 (Fla. Dist. Ct. App. 2006) (per curiam). The decision by the Fourth DCA did not refer to Monfiston's claim regarding counsel's failure to interview or call his brother. *See id.*

Pursuant to remand instructions, the state post-conviction judge held an evidentiary hearing. The judge thereafter entered an order denying the claim and found Monfiston had failed to establish deficient performance or prejudice pursuant to *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). The state post-conviction judge decided she would not reconsider testimony or evidence regarding Monfiston's claim that counsel failed to depose, investigate, or otherwise call his brother to testify, because that claim previously had been raised and rejected and was not before her on remand. The Fourth DCA affirmed the denial and found no error in the post-conviction judge's failure to reconsider evidence for failing to call Monfiston's brother to testify. *Monfiston v. State*, 69 So. 3d 977 (Fla. Dist. Ct. App. 2011) (per curiam).

5

C. Federal Habeas Petition

In February 2012, Monfiston filed this pro se petition for habeas relief under 28 U.S.C. § 2254.  He raised only one claim for relief: his trial counsel had rendered ineffective assistance by failing to interview, depose, or call his brother as a witness at his trial.  Monfiston argued the state post-conviction judge denied his Rule 3.850 motion on grounds that (1) he had not alleged his brother was available to testify at his trial, and (2) his brother stated in his affidavit that he "was unable to testify on [Monfiston's] behalf due to other matters."  R at 11.  He argued the state post-conviction judge improperly denied him leave to amend his pleadings to include an allegation that his brother was available to testify, in violation of Florida law.

After the State's motion in opposition and Monfiston's response were filed, a magistrate judge issued a report and recommendation ("R&R"), recommending a denial of Monfiston's petition.  The magistrate judge determined Monfiston could not establish ineffective assistance, because Clovis Monfiston's affidavits did not provide exculpatory information, and Clovis Monfiston's proffered testimony would have been cumulative to Monfiston's trial testimony.  The magistrate judge also concluded Clovis Monfiston's affidavits should be viewed with suspicion, because they were self-serving, and his first affidavit conflicted with his second affidavit.  The district judge adopted the R&R and denied Monfiston's petition.

6

On appeal, we consider only the claim on which the district judge granted Monfiston a certificate of appealability ("COA"): "whether Monfiston's trial attorney was legally ineffective."  R at 1540.[2]

## II. DISCUSSION

Monfiston argues his trial counsel rendered ineffective assistance by failing to investigate, depose or interview, and call his brother as a witness.[3]  Monfiston argues the state post-conviction judge erred by failing to hold an evidentiary hearing, because (1) his brother owned the car and had admitted he owned the gun and had hidden it in the car, and (2) Monfiston conveyed these facts to counsel. He also asserts the judge erred by (1) focusing only on counsel's failure to call his brother as a witness, without addressing counsel's initial failure to investigate, interview, or depose his brother, and (2) failing to allow Monfiston to amend his pleadings to allege his brother was available to testify.

On appeal from a district judge's denial of habeas relief, we review questions of law and mixed questions of law and fact de novo and findings of fact

---

[2] *See Hodges v. Att'y Gen., State of Fla.*, 506 F.3d 1337, 1340 (11th Cir. 2007) (providing our review is limited to the issues specified in the COA).

[3] Monfiston attempts to raise two other arguments on appeal that we find meritless.  First, Monfiston has abandoned his argument regarding equal protection and due process by failing to elaborate on this claim for relief.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (recognizing, although pro se briefs are to be liberally construed, a pro se litigant who offers no substantive argument on an issue in his initial brief abandons that issue on appeal).  Second, Monfiston's argument concerning when a witness may be deemed "unavailable" under the Confrontation Clause is misplaced, because there is no suggestion Monfiston had a right to confront Clovis Monfiston, who was not a witness against him.  *See, e.g.*, *Crawford v. Washington*, 541 U.S. 36, 51, 124 S. Ct. 1354, 1364 (2004) (explaining the Confrontation Clause applies to witnesses "against the accused").

for clear error. *Burgess v. Comm'r, Ala. Dep't of Corr.*, 723 F.3d 1308, 1315 (11th Cir. 2013). A district judge may not grant habeas relief on claims previously adjudicated in state court, unless the adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding. 28 U.S.C. § 2254(d); *Burgess*, 723 F.3d at 1315. Findings of fact by a state judge are presumed to be correct; a habeas petitioner must rebut that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Pope v. Sec'y, Dep't of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 1625 (2013). A state judge's determination of the facts is unreasonable only if no fair-minded jurist could agree with the determination. *Lee v. Comm'r, Ala. Dep't of Corr.*, 726 F.3d 1172, 1192 (11th Cir. 2013). Review under § 2254 is limited to the record that was before the state judge, who adjudicated the claim on the merits. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

To establish ineffective assistance of counsel, a defendant must show (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Prejudice is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

8

at 694, 104 S. Ct. at 2068. Because a habeas petitioner must show both deficient performance and prejudice, a judge may dispose of a *Strickland* claim based on a determination that a defendant has failed to show either prong. *Id.* at 697, 104 S. Ct. at 2069.

Although Monfiston repeatedly focuses on his trial counsel's alleged deficiency in failing to investigate his brother, he does not challenge the proposition that failing to call an unavailable witness would not have changed the outcome of his trial. *See id.* at 694, 104 S. Ct. at 2068. Monfiston raised this ineffective-assistance claim in his state motion for post-conviction relief. The state post-conviction judge concluded Monfiston could not establish prejudice on this claim, because the record showed Clovis Monfiston was unavailable to testify at Monfiston's trial. Monfiston has not satisfied his burden under § 2254(d) of showing clear and convincing evidence that, based on the record before the state post-conviction judge, no fair-minded jurist could agree with the state judge's finding Clovis could not or would not have testified had he been called. *See* 28 U.S.C. § 2254(d), (e); *Lee*, 726 F.3d at 1192; *Pope*, 680 F.3d at 1284.

Relevant to this ineffective-assistance claim, the record before the state judge consisted of (1) Monfiston's allegation in his Rule 3.850 motion that his brother "would have testified" consistently with Monfiston's claim he did not know about the gun, R at 548, and (2) Clovis Monfiston's first affidavit that

9

corroborated Monfiston's allegations and included a statement that he "was unable to testify on [Monfiston's] behalf for other matters," R at 568. *See* 28 U.S.C. § 2254(d), (e)(2); *Cullen*, 131 S. Ct. at 1398. To the extent Monfiston now seeks to rely on his December 2012 affidavit, or Clovis Monfiston's later affidavits, any such reliance is misplaced, because these documents were not part of the record when the state judge disposed of the ineffective-assistance claim on the merits. *See* 28 U.S.C. § 2254(d), (e)(2); *Cullen*, 131 S. Ct. at 1398.

Monfiston's arguments regarding his trial counsel's failures have no bearing on the state judge's dispositive factual finding that Clovis Monfiston was unavailable to testify. Similarly, his arguments regarding the alleged prejudice he suffered assume Clovis Monfiston was available to testify, without demonstrating clear and convincing evidence the state judge's finding to the contrary was unreasonable, based on the record. Although Monfiston argues the state judge should have held a hearing on his trial counsel's actions and permitted his brother to testify, these arguments assume the state judge's prior dispositive factual finding was wrong. The district judge's determination was not based on a pleading deficiency, but rather was based on a factual determination that Clovis Monfiston's 2003 affidavit clearly established he was not available to testify.

**AFFIRMED.**

10