CHARLES EUGENE SMITH,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-5421

Opinion filed January 6, 2015.

An appeal from the Circuit Court for Duval County.
J. Bradford Stetson, Judge.

Nancy A. Daniels, Public Defender, and Melanie R. Leitman, Special Assistant Public Defender of Messer Caparello, P.A., Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Giselle Denise Lylen, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

The defendant, Eugene Smith, appeals his conviction for the sale of a controlled substance. Of the points raised on appeal, we agree that the trial court erred by admitting testimony from a law enforcement officer regarding common practices of drug dealers. Over defense objection, the officer responded affirmatively when the prosecutor asked the following question relative to the circumstances surrounding defendant's arrest: "And in your years of experience in

narcotics work, is this what delivering drugs from one person to another typically looks like?" This testimony invaded the province of the jury by suggesting the inference to be drawn from the facts by comparison to general patterns of criminal behavior, and it was unfairly prejudicial against the defendant. See Austin v. State, 44 So. 3d 1260, 1262 (Fla. 1st DCA 2010) ("Testimony about the general behavior of certain kinds of offenders is inadmissible as substantive proof of a defendant's guilt. Every defendant has the right to be tried on the evidence, not on the general characteristics or conduct of certain types of criminals."); Lewis v. State, 754 So. 2d 897, 902 (Fla. 1st DCA 2000) (holding that a police officer's testimony based on general patterns of criminal behavior "encroached on the jury's prerogative to decide between conflicting facts, to draw inferences from the facts, and to reach factual conclusions"). Because we are unable to conclude beyond a reasonable doubt that this error was harmless, we must reverse and remand for a new trial. State v. DiGuilio, 491 So. 2d 1129 (Fla. 1986).

LEWIS, CJ., BENTON and RAY, JJ., CONCUR.